SUNNY S. HUO (State Bar No. 181071)
ssh@severson.com
KALAMA M. LUI-KWAN (State Bar No. 242121)
kml@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:  (415) 398-3344
Facsimile:  (415) 956-0439

Attorneys for Defendants
Countrywide Home Loans, Inc. (d/b/a America's
Wholesale Lender), BAC Home Loans
Servicing, LP (f/k/a Countrywide
Home Loans Servicing L.P.), ReconTrust
Company, N.A., Bank of America, N.A., and
Bank of New York Mellon (erroneously
named as Bank of New York)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETRA MARTINEZ,<br><br>           Plaintiff,<br><br>      v.<br><br>AMERICA'S WHOLESALE LENDER, *et al.*,<br><br>           Defendants. | Case No.:  09-cv-05630-WHA<br><br>**OPPOSITION TO PLAINTIFF'S *EX PARTE* MOTION TO CORRECT RECORD**<br><br>Date:          None Set<br>Time:          None Set<br>Courtroom:  9, 19th Floor<br>Judge:         Hon. William H. Alsup |

## I. PLAINTIFF'S *EX PARTE* MOTION SHOULD BE DENIED

Plaintiff Petra Martinez ("Plaintiff") has filed an *ex parte* motion ("Motion") to modify the Court's record. In particular, she seeks an order that would: (1) allow her to upload a new complaint; and (2) strike the complaint and other papers that were submitted as exhibits ("Exhibits") to the November 30, 2009 Notice of Removal ("Notice of Removal") by defendants Countrywide Home Loans, Inc. (d/b/a America's Wholesale Lender), BAC Home Loans Servicing, LP (f/k/a Countrywide Home Loans Servicing L.P.), ReconTrust Company, N.A., Bank of America, N.A., and Bank of New York Mellon (erroneously named as Bank of New York) ("Defendants"). For two reasons, Plaintiff's Motion should be denied.

First, Plaintiff has not complied with Local Rule 7-10. Under that rule, any party that wishes to file an *ex parte* motion without an order by the Court may file the motion "only if a statute, Federal Rule, local rule or Standing Order authorizes the filing . . . and the party has complied with the applicable provisions allowing the party to approach the Court on an *ex parte* basis." Civ. L.R. 7-10. In addition, the motion must cite "to the statute, rule or order which permits the use of an *ex parte* motion to obtain the relief sought." *Id.* Plaintiff, however, has not cited a single statute, rule, or order that permits the use of an *ex parte* motion to "correct the record." (Motion at 1.) Simply put, Plaintiff makes no showing of the emergency entitling her to *ex parte* relief as opposed to one sought on a noticed motion. For this reason alone, the Motion should be denied.

Second, Plaintiff argues that this Court's record should be changed because the Exhibits "were somehow altered from their original state" and "does not reflect the complaint which Plaintiff's attorney's office caused to be filed at the Superior Court for the County of Monterey." (Motion at 1.) For two reasons, Plaintiff's argument makes no sense.

To start with, according to the superior court clerk, the Exhibits were filed by Plaintiff—*i.e.*, not Defendants or any other party. On December 21, 2009, Defendants' counsel contacted the superior court clerk and asked whether that court's records identified the party that filed the Exhibits. (Lui-Kwan Decl. ¶ 4.) According to the clerk, Plaintiff filed the Exhibits on August 12, 2009. (*Id.*) The clerk's records are consistent with the Exhibits' cover pages, which are file-

stamped on August 12, 2009, and contain signature lines bearing Plaintiff's name. (*Id.*, Ex. 1.) Thus, Plaintiff's suggestion that neither she nor her attorneys filed the Exhibits is nonsensical.

In addition, the Exhibits were properly filed with this Court as attachments to the Notice of Removal. At the time of removal, Defendants were required to file a notice "with a copy of all process, pleadings, and orders served upon each defendant or defendants in such action." 28 U.S.C. § 1446(a). To ensure that this Court had a complete set of the state-court file as of the time of removal (and not simply the summons and complaint that Plaintiff had purportedly served), Defendants hired a third-party vendor on November 25, 2009 to retrieve the entire state-court file from the Superior Court. (Lui-Kwan Decl. ¶ 2.) The vendor delivered the file to Defendants' counsel on November 30, 2009. (*Id.* ¶ 3.) Defendants attached the entire file as an exhibit to their Notice of Removal. (*Id.* ¶ 3; Notice of Removal ¶ 2 ("Attached hereto as Exhibit A are copies of all process, pleadings, and orders filed in the State Court Action, including the Summons and Complaint.").) Thus, the Exhibits were part of the state-court file, and therefore properly became part of this Court's file upon removal.

## II. CONCLUSION

It is not clear why Plaintiff has filed a request to modify this Court's record (or why she filed her request on an *ex parte* basis). She does not contend that the Exhibits contain private information; nor does Plaintiff identify who (if not herself) could have filed the documents. The Motion is, simply put, a bizarre waste of paper, as well as this Court's and Defendants' time and resources. Plaintiff may have filed her request to manufacture a procedural defect that she could cite in a future motion to remand this case to state court. Indeed, she may have filed the request on an *ex parte* basis since her deadline for filing a motion to remand is on December 30, 2009, approximately one week from now. *See* 18 U.S.C. 1447(c). If that is the case, and Plaintiff is trying to generate a basis for remanding the action, her work is for naught. The Ninth Circuit has found that defects in removal procedure (such as Plaintiff appears to be generating here) are not jurisdiction defects, and may therefore be waived or corrected. *See Fristor v. Reynolds Metals Co.*, 615 F.2d 1209, 1212-13 (9th Cir. 1980).

Whatever her purpose for filing the Motion, Plaintiff has not demonstrated that she is entitled to the relief she seeks. Accordingly, her *ex parte* Motion should be denied.

DATED: December 21, 2009

Respectfully submitted,

SEVERSON & WERSON
A Professional Corporation

By: /s/ Kalama M. Lui-Kwan
Kalama M. Lui-Kwan

Attorneys for Defendants
Countrywide Home Loans, Inc. (d/b/a America's Wholesale Lender), BAC Home Loans Servicing, LP (f/k/a Countrywide Home Loans Servicing L.P.), ReconTrust Company, N.A., Bank of America, N.A., and Bank of New York Mellon (erroneously named as Bank of New York)