Michael Patrick Rooney (SBN. 248491)
MICHAEL ROONEY LAW OFFICE
580 California St. Fl. 16
San Francisco, CA 94104
Tel: (415) 533-0282
Fax: (415) 704-3321

Attorney for PETRA MARTINEZ, Plaintiff.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETRA MARTINEZ,<br><br>                    Plaintiff,<br>v.<br>AMERICA'S WHOLESALE LENDER, et al,<br><br>                    Defendants. | CASE NO.: 3:09-cv-05630-WHA<br><br>**PLAINTIFF PETRA MARTINEZ'S OPPOSITION TO DEFENDANTS' JOINT MOTION TO DISMISS COMPLAINT**<br><br>Date: January 14, 2010<br>Time: 8:00 a.m.<br>Judge: Hon. William H. Alsup<br>Location: US District Court<br>         450 Golden Gate Avenue<br>         Courtroom 9, 19th Floor<br>         San Francisco, CA 94102 |

**I.   Introduction.**

Countrywide Home Loans, Inc. (d/b/a America's Wholesale Lender), BAC Home Loans Servicing, LP (f/k/a Countrywide Home Loans Servicing L.P.), ReconTrust Company, N.A., Bank of America, N.A., and Bank of New York Mellon (erroneously named as Bank of New York) (collectively, the "Defendants" -- but not MERS)'s motion to dismiss fails to establish a basis for dismissal of any of Plaintiff Martinez's ("Plaintiff")'s well-pleaded causes of action.  Under FRCP Rule 8, "Plaintiff needs to provide only a 'short and plain statement of the claim,' which Plaintiff has done with regard to each cause of action pled.  Dismissal is improper and unfair where a more definite statement is what seems to be actually sought.  Plaintiff seeks leave of the court to provide a more definite statement of any claims the court finds to lack sufficient factual allegations.

1
**PLAINTIFF PETRA MARTINEZ'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT**

In their language "this is another lawsuit filed by a borrower to delay a proper foreclosure sale", Defendants seek to rely on prejudice and bias rather than judicial standards and the law. For one, the foreclosure sale procedures have been improper as very specifically alleged at paragraphs 22, 23, 27 (and its subparts, especially a, b and d), 33-37, and throughout.

Furthermore, such language as "[t]he only goal for most of these borrowers is to stall the foreclosure process for 12 to 18 months as their case winds its way through litigation all the while continuing to live on the property for which they cannot or will not pay" invites the court to prejudge not just the instant case, but all cases against any lender defendants, and to create an anti-borrower, pro-bank attitude upon which meritorious cases may wrongfully be dismissed despite borrower's allegations of willingness to pay. It is also an improper argument based on facts and on the merits of the case, rather than the pleadings.

Plaintiff hereby makes a universal objection to each and every argument of the Defendants motion, as well as the motion as a whole, on the basis that this motion is improperly brought, it is an improper attempt to argue the merits of the case rather than the sufficiency of the pleading, and it is aimed at an improper and unjust goal of depriving a citizen of the United States and the State of California from her right to due process of law. The statement "Plaintiff did not bring this action to right a wrong—she filed this action for the sole purpose of delaying a legitimate foreclosure sale" should be stricken from the record as being made without personal knowledge, aimed at prejudicing a judicial officer, and above all else totally untrue, and the conduct of defense counsel should be admonished as an improper remark by counsel about a party to the case.

**II. Under a Notice Pleading Standard, Each of Plaintiff's Claims are Sufficiently Pled.**

A valid complaint requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). Generally, notice pleading is all that is required. *See Lombard's Inc. v. Prince Mfg., Inc.*, 753 F.2d 974 (11th Cir. 1985). Under notice pleading, the Plaintiff need only give the defendant fair notice of the Plaintiff's claim and the grounds upon which it rests. *See Erickson v. Pardus*, 127 S.Ct. 2197, 2200 (2007). In ruling on a motion to dismiss, the court must accept the facts pleaded in the complaint as true and construe them in the light most favorable to the Plaintiff. *See Quality Foods de Centro America, S.A. v. Latin American Agribusiness Dev. Corp., S.A.*, 71 F.2d 989, 994-95 (11th Cir.1983); *see also Sanjuan v. American Bd. Of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir.994). Defendant's attempt to steer

**PLAINTIFF PETRA MARTINEZ'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT**

the court away from the complaint, and away from a favorable light standard toward a paranoid "another one of these borrowers" attitude is thoroughly improper.

  The Supreme Court's recent decision in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), has prompted some courts to reconsider the standard for deciding motions to dismiss under Rule 12(b)(6). *See, e.g., In re Elevator Antitrust Litigation*, 502 F.3d 47, 50 (2d Cir.2007) ("Considerable uncertainty surrounds the breadth of . . . *Twombly*.") (citations and quotations omitted); *Igbal v. Hasty*, 490 F.3d 43, 157 (2d Cir.2007) (holding that *Twombly* does not require "a universal standard of heightened fact pleading, but rather a flexible 'plausibility standard'"). Plaintiffs claims are more than plausible as pled and therefore the motion should be denied.

  However, it most be stressed, that in *Twombly,* the Court did not do away with the notice pleading standards of *Rule 8* and more importantly, did not require the pleadings of specific facts. As one district court has observed:

  The Court's forced retirement of *Conley v. Gibson's* "no set of facts" language does not change the fundamental command of *Rule 8* as to what a valid complaint must look like. Indeed, the Court made clear that it was not imposing a heightened pleading standard. *Twombly*, 550 U.S. at 570  ("We do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its, face."). *CBT Flint Partners, LLC v. Goodmail Systems, Inc.*, 529 F.Supp.2d 1376, 1379 (N.D. Ga. 2007); *See also Hamilton v. Allen Bradely Co.*, 217 F.3d 1321 (11th Cir. 2000) ("Detail is not the bedrock on which a proper complaint stands.").

  As the court recently explained in *Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009), to survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.  A claim has a facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than sheer possibility that a defendant acted unlawfully.  *Ashcroft v. Iqbal*, at 1949 (2009).

  In applying *Twombly*, in *Watt v. Florida Intern. University*, 495 F.3d 1289 (11th Cir.2007), the Eleventh Circuit stated that the Supreme Court's most recent formulation of the pleading standard provides that the rule "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of the necessary element. *Id.*  It is sufficient if the complaint succeeds in "identifying

facts that are suggestive enough to render [the element] plausible." *Id. Watt v. Florida Intl. Univ.*, 495 F.3d 1289, 1295-96.

Thus, the question is whether Plaintiff has alleged enough factual material to suggest, raise a reasonable expectation of, and render plausible that Defendants should be held liable. In this case, Plaintiff stated facts and incorporated documentary evidence sufficient to support each claim. (On 12/21/09 as document no 7 in this case, Counsel submitted a declaration to the court regarding an apparent clerical mix up in the record and submitted therewith a true and correct version of the First Amended Complaint and its Exhibits --- which was met with similar excited incredulity by defense counsel).

Documents attached to the complaint and incorporated therein by reference are treated as part of the complaint for purposes of a Rule 12(b)(6) motion. *In re Colonial Mortg. Bankers Corp.* (1st Cir. 2003) 324 F.3d 12, 16; *Kaufman & Broad-South Bay v. Unisys Corp.* (ND CA 1993) 822 F. Supp 1468, 1472. Plaintiff realleged all previous paragraphs into each cause of action. Under a 12(b)(6) motion, the court must decide whether the facts alleged, if true, would entitle Plaintiff to some form of legal remedy. Unless the answer is unequivocally "no", the motion must be denied. *Conley v. Gibson* (1957) 355 US 41, 45-46; *De La Cruz v. Tormey* (9th Cir. 1978) 582 F2d 45, 48; *SEC v. Cross Fin'l Services, Inc.*(CD CA 1995).

"A suit should not be dismissed if it is possible to hypothesize facts, consistent with the complaint, that would make out a claim"; *Hearn v. R.J. Reynolds Tobacco Co.* (D AZ 2003) 279 F. Supp.2d 1096. The Complaint, on its face, contains multiple grounds for relief based on the facts clearly pled. This is a point of "universal opposition," and is therefore intended to apply to each and every one of Defendants' arguments. Therefore, Defendant's motion must be denied.

### III.   Plaintiff has Standing, and the Tender Rule cited by Defendants Does Not Apply The Way Urged by Defendants.

Defendants judicially admit that "the sale hasn't occurred."  (MTD at p. 2, lines 18-19).  In the same breath, Defendants argue that Plaintiff must "tender" to "set aside" the sale.

This argument fails for being specious and paradoxical, and for relying on a time anomaly where the Plaintiff must tender to set aside a sale which hasn't occurred yet.

Therefore, the Defendants' "standing" argument is erroneous and misled.  As owner of the property, plaintiff has clear standing to ask the Court to determine that Civ. Cod §2924 has not been complied with and that there are void averse recordings on the title record.

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

Plaintiff wishes to quiet title of any adverse interests of the Defendants which are legally voidable or void. Plaintiff has asked the court for a determination of her rights and responsibilities, and a determination that Defendants have not thus far complied with 2924 (per FAC para 37), so that due process ensues.  Plaintiff wishes to pay the mortgage.

The court's equitable power of requiring tender is better applied in conditioning its judgment upon Plaintiff's tendering rather than throwing out her claims because she has come to the court to seek a determination of each party's rights and obligations as a preliminary matter to doing so.

**IV.    Plaintiff has Stated Facts Sufficient to Support Her Quiet Title Claim.**

Defendants' argument for a motion to dismiss Plaintiff's quiet title action should fail for primarily two reasons: First, Plaintiff's complaint alleges enough facts to state a claim for a quiet title action and adequately puts Defendants on notice.  Plaintiff has stated facts sufficient to void MERS' deed of trust under the Revenue and Tax Code. (See: FAC First Cause of Action, p. 10). Plaintiff's right to void the deed of trust gives rise to a quiet title action. Therefore, Defendants' motion to dismiss must be denied.

Secondly, Plaintiff has stated facts sufficient to establish quiet title based on the extinguishment of the security interest upon separation and transfer.  (FAC paras. 13-15). Defendant's Request for Judicial Notice is further evidence by way of judicial admission that Plaintiff's allegations are true. (See: Deed of Trust p.2, Paras C and D, naming America's Wholesale Lender as "lender", MERS "as beneficiary", and CTC Real Estate Services as "Trustee"; see also Paragraph 24, which EXPLICITLY reserves the right to the <u>Lender</u> to Substitute the Trustee; See: Substitution of Trustee where MERS attempts to substitute trustee despite expressly NOT having the power to do so under the Deed of Trust para 24; See FAC paras 31, 32, 33.  See: Judicial Admission that note had been transferred to Bank of New York PRIOR to MERS' attempted substitution.)  Quite obviously, there is no chain of title from America's Wholesale Lender, the original note holder, to Bank of New York Mellon, who purports to be entitled to collect now. While Defendants try to make Plaintiff's allegations fit into a rejected "produce the note' argument, this is clearly not Plaintiff's complaint or goal.  Plaintiff clearly does not seek to litigate "physical possession" of the note. Rather, plaintiff complains that the defendants do not have the right in the first instance to collect anything from the plaintiff.  They have no rights under this or any other

**PLAINTIFF PETRA MARTINEZ'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT**

note, they have no enforceable deed of trust, and they have no legal basis for attempting to collect a thing from the plaintiff.

The allegations of the Complaint must be taken as true. Here, the allegations of the Complaint establish that there are several breaks in the chain of title. First, MERS' deed of trust is voidable. Second, if MERS had an agency relationship with America's Wholesale Lender with respect to the deed of trust, it is non transferrable to BONYM. Third, MERS expressly did not have the right to substitute the trustee under the Deed of Trust. Fourth, the Request for Judicial Notice, rather than undermining the allegations of the Complaint, shows through judicial admission that The note and deed of trust were separated at birth, and the Note has changed hands several times without ever having a true transfer of rights under the note and correlated rights under the deed of trust transferred along with. (See: motion to dismiss, p. 1, lines 7-8 " Every lender and loan servicer who has ever touched the loan is named as a defendant.")

Defendants argument is essentially that because California enacted a non-judicial foreclosure statute (CC §2924), that transfers of negotiable instruments are not still governed by the UCC. There is no such law or ruling in existence to support this idea. The Court's rationale in *In Re Vargas* is precisely applicable to the instant case:

> In addition to authenticating the note, MERS must show that it is entitled to enforce the note. Only the holder of a negotiable promissory note (with minor exceptions not relevant in this case) is entitled to enforce the note. See Cal. Com. Code § 3301.
> The holder enforces the note by making a demand for payment. See id. § 3501(a).
> The person making a demand shows its right to enforcement by showing the original of the promissory note. See id. § 3501(b)(2).
> MERS has not brought to court the note here at issue, and makes no pretense that it holds the note. Indeed, MERS is not in the business of holding promissory notes. Its business is only to hold deeds of trust as an agent for the holder of the note.
> This status for MERS is disclosed in the deed of trust here at issue, which states that MERS is "acting solely as a nominee [a type of agent] for lender and lender's successors and assigns." In addition, there is no evidence before the court as to who is the holder of the promissory note and is entitled to enforce it. MERS contends that Countrywide acts as agent for MERS. However, MERS does not purport to be the holder of the promissory note. Under California law, only the holder of a note is entitled to enforce it (with minor exceptions not relevant herein). See Cal. Com. Code §3301.

*In Re Vargas* [Case No.: LA08-17036SB, entered Oct 22, 2008]

Furthermore, CAL. Civ. CODE § 2936 provides: 'The assignment of a debt secured by mortgage carries with it the security." California codified this principle in 1872. Similarly, this has

long been the law throughout the United States: when a note secured by a mortgage is transferred, "transfer of the note carries with it the security, without any formal assignment or delivery, or even mention of the latter." Carpenter v. Longan, 83 U.S. 271, 275 (1872). Clearly, the objective of this principle is "to keep the obligation and the mortgage in the same hands unless the parties wish to separate them." RESTATEMENT (THIRD) OF PROPERTY (MORTGAGES) § 5.4 (1997). The principle is justified, in turn, by reasoning that the "the debt is the principal thing and the mortgage an accessory." Id. Consequently, "[equity puts the principal and accessory upon a footing of equality, and gives to the assignee of the evidence of the debt the same rights in regard to both." Id. Given that "the debt is the principal thing and the mortgage an accessory," the Supreme Court reasoned that, as a corollary, "[t]he mortgage can have no separate existence." Carpenter, 83 U.S. at 274. For this reason, "an assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity." Id. at 274. While the note is "essential," the mortgage is only "an incident" to the note. Id. Thus, if America's Wholesale Lender has transferred the note, MERS is no longer an authorized agent of the holder unless it has a separate agency contract with the new undisclosed principal. See: In Re Vargas Case No.: LA08-17036SB, entered Oct 22, 2008. Hence, MERS does not have the right to initiate foreclosure proceedings.

Defendants present no evidence as to who owns the note, or of any authorization to act on behalf of the present owner. Defendant's efforts to defeat the quiet title claim on the basis of facts pled in the complaint, or on the merits, which is improper at this stage of proceedings anyway, fails for the glaring lack of evidence which would tend to undermine Plaintiff's allegations.

Therefore, Defendants' Motion to Dismiss should be Denied.

### V. The Remainder of Defendant's Arguments Do Not Argue Legal Defects, but Factual Issues.

In regard to the RESPA, Unfair Debt Collection, Unfair Competition, Declaratory Relief, Slander Of Title, and Emotional Distress Claims, Defendants artfully plead that the claims are "legally defective" and therefore ask for dismissal without leave to amend, where the real argument they are making is that they would like to see more facts pled.

For example, with respect to the RESPA claim, defendants ignore Paragraph 98, which states "Defendants' failure to respond to Plaintiff's communications under RESPA constitutes a violation..." From this, an inference may be drawn that such communications were sent. This is the kind of matter which an amendment easily fixes --- simply allege the date and contents of the letter.

7
**PLAINTIFF PETRA MARTINEZ'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT**

So, why move to dismiss without leave to amend where the argument is not that the claim is legally defective, such as a statute of limitations or lack of standing argument, where dismissal is appropriate but rather that Plaintiff didn't allege the date of the letter? It is an inappropriate and inequitable request aimed at depriving Plaintiff of her rights as a citizen of the United States, as well at unlawfully depriving her of her family's home.

Defendant's argument regarding Plaintiff's Unfair Debt Collection Practices claim is that "foreclosure is protected activity." Yes, plaintiff concedes that foreclosure is protected. However, where there is no right to foreclose (as alleged via the allegations regarding substitution of trustee, voiding the deed of trust, and the lack of right to collect of any defendant) and the parties are abusing legal process to collect a debt, then the exception does not apply.

Defendants state that "declaratory judgment" is not a cause of action. However, Federal law expressly provides for actions for declaratory judgment. Title 28 U.S.C. § 2201. ["Creation of remedy. In a case of actual controversy within its jurisdiction, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such."] Declaratory judgment claims are the way parties may have a determination of rights and obligations on a contract. As such, the claim is proper and the motion to dismiss should be denied.

Defendants reliance upon *Nguyen v. Calhoun*, 105 Cal app. 4th 428 in support of its argument to dismiss the slander of title claim is misguided. While the rule is established that <u>judgment after trial</u> may not be had without tender, *Nguyen*, nor any other case shows that it is appropriate to dismiss a case at the onset where plaintiff is willing to tender upon determination of the court of her obligations.

### VI.  Plaintiff has Stated Facts Sufficient to Support Their Unfair Competition Claim.

In this case, Defendants claim that Plaintiff's unfair competition claim should fail because it is not adequately pled and does not state a cause of action. However, Defendants' Motion to Dismiss should be overruled because it incorrectly states the actual purpose of a complaint and it is inconsistent with the Business and Professions Code §17200.

The Business and Professions Code §17200 prohibits any "unlawful, unfair or fraudulent

**PLAINTIFF PETRA MARTINEZ'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT**

business act or practice" and any "unfair, deceptive, untrue or misleading advertising." ***It is important to note that the Business and Professions Code §17200 is written in the disjunctive.*** It applies to any unlawful or unfair or fraudulent business act or practice, and each provides an independent basis for relief. *Podolsky v. First Health Corp.*, 50 Cal. App. 4th 632, 647, 58 Cal. Rptr. 2d 89, 98 (1996).

An unlawful business activity includes anything that can properly be called a business practice and that at the same time is forbidden by law. *Committee on Children's Television, Inc. v. General FoodsCorp.*, 35 Cal. 3d 197, 209-10, 197 Cal. Rptr. 783 (1983) (quoting *Barquis v. Merchants Collection Ass'n*, 7 Cal. 3d 94, 112-13, 101 Cal. Rptr. 745, 758 (1972)). Plaintiff's FAC provides the alleged unlawful practices throughout.

An unfair practice occurs when it offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers. *Podolsky v. First Healthcare Corp.,* 50 Cal. App. 4th 632, 58 Cal. Rptr. 2d 89 (1996); *Redding v. St. Francis Med. Ctr.*, 208 Cal. App. 3d 98, 107, 255 Cal. Rptr. 806, 811 (1989) (quoting *California v. Casa Blanca Convalescent Homes, Inc.*, 159 Cal. App. 3d 509, 530, 206 Cal. Rptr. 164, 177 (1984)). Another test in determining whether a particular business practice is "unfair" involves an examination of its impact on its alleged victim, balanced against the reasons, justifications and motives of the alleged wrongdoer. The court weighs the utility of the defendant's conduct against the gravity of the harm to the alleged victim. *Podolsky v. First Healthcare Corp.*, 50 Cal. App. 4th 632, 58 Cal. Rptr. 2d 89 (1996); *see also Motors, Inc. v. Times-Mirror Co.*, 102 Cal. App. 3d 735, 740, 162 Cal. Rptr. 543 (1980); *see generally Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*, 17 Cal. 4th 553, 565, 71 Cal. Rptr. 2d 731 (1998); *Hewlett v. Squaw Valley Ski Corp.*, 54 Cal. App. 4th 499, 63 Cal. Rptr. 2d 118, 130 (1997); *Bank of America v. Tallana*, 55 Cal. App. 4th 573, 64 Cal. Rptr. 2d 168, 176 (1997); *Hudgins v. Neiman-Marcus Group, Inc.*, 34 Cal. App. 4th 1109, 41 Cal. Rptr. 2d 46 (1995). Plaintiff's complaint sufficiently provides the alleged unfair practices throughout.

"[T]he 'fraud' contemplated by Section 17200's third prong bears little resemblance to common law fraud or deception. The test is whether the public is likely to be deceived. This means that a Section 17200 violation, unlike common fraud, can be shown even if no one was actually

deceived, relied upon the fraudulent practice, or sustained any damage." *State Farm Fire & Cas. Ins. v. Superior Court*, 45 Cal. App. 4th 1093, 1105, 53 Cal. Rptr. 2d 229, 235 (1996). Plaintiff's complaint sufficiently provides the alleged fraudulent practices throughout.

The single verified allegation that Plaintiff was never contacted pursuant to Cal. Civ. Code § 2923.5 prior to Defendants recording a Notice of Default is unfair and illegal. That a declaration was signed and recorded on title which makes a claim that she was is fraudulent and misleading (the court must accept plaintiff's verified version of the facts).

Therefore, Defendant's Motion to Dismiss should be denied.

### VII. Plaintiff's Complaint Can Be Amended to Sufficient Factual Levels, and Therefore Leave to Amend is Appropriate.

Plaintiff submits that the motion to dismiss should be denied. But, in the alternative, Plaintiff seeks leave of court to conduct discovery and to amend the complaint to add more detailed allegations concerning any causes of action the Court finds do not put Defendants on notice of the claim.

This is because, "leave to amend a pleading should be denied *only when* the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Edwards v. City of Goldsboro*, 178 F.3d 231, 242 (4th Cir.1999) (quoting *Johnson v. Oroweat Foods Co.*, 785 F.2d 503. 509 (4th Cir.986)) (emphasis in original). For a motion to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." *Oroweat Foods Co.*, 785 F.2d at 510-511; *see also Rambus, Inc. v. Infineon Tech., AG*, 304 F.Supp.2d 812, 819 (E.D.Va.2004).

In addition, "[t]he Motion to dismiss for failure to state a claim is viewed with disfavor and is *rarely granted*." *Gillican v. Jamco Develop. Corp.* (9th Cir. 1997) 108 F.3d 246, 249 (emphasis added; internal quotes omitted). A 12(b)(6) dismissal is proper only in "extraordinary" cases. *United States v. Redwood City* (9th Cir. 1981). "Instead of lavishing attention on the complaint until the Plaintiff gets it just right, a district court should keep the case moving---if the claim is unclear, by requiring a more definite statement under Rule 12(e), and if the claim is clear but implausible, by inviting a motion for summary judgment." *Bennett v. Schmidt* (7th Cir. 1998) 153 F3d 516, 518.

**PLAINTIFF PETRA MARTINEZ'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT**

The test is whether the facts, as alleged, support *any* valid claim entitling Plaintiff to relief...not necessarily the one intended by Plaintiff.  Thus, a complaint should not be dismissed because Plaintiff erroneously relies on the wrong legal theory if the facts alleged support any valid theory.  *Haddock v,. Board of Dental Examiners of Calif.* (9th Cir. 1985) 777 F2d 462, 464.

Finally, A Rule 12(b)(6) motion will not be granted merely because Plaintiff requests a remedy to which he or she is not granted.  *Doe v. United States Dept. of Justice* (DC Cir. 1985) 753 F.2d 1092, 1104.

In this case, Plaintiff's complaint states broad grounds for relief under many applicable theories of law.  Defendant's filing a 12(b)(6) was inappropriate, and was done as a tactical move to harass the Plaintiff and to cause undue delay.  This is a point of "universal opposition," and is therefore intended to apply to each and every one of Defendants' arguments. Therefore, Defendant's motion must be denied.

### VIII. If the Court Finds the Complaint to be Vague or Ambiguous it may Order the Plaintiff to Furnish a More Definite Statement Rather than Dismissing the Complaint with Prejudice.

As stated above, the Plaintiff's causes of action should not be dismissed because enough factual material has been suggested or raised that could render plausible that Defendant here should be held liable.  This is a point of "universal opposition," and is therefore intended to apply to each and every one of Defendants' arguments. Therefore, Defendant's motion must be denied.

However, if the Court finds that Plaintiff's claims are vague or ambiguous, a more appropriate remedy is to provide or furnish a more definite statement of the claims and particulars requested by Defendant, so that Defendant can reasonably frame a response to Plaintiff's claims.

### IX. Conclusion.

Based on the foregoing, Plaintiff respectfully requests that Defendants' motion be DENIED in its entirety. If the court grants Defendant's motion, Plaintiff respectfully requests leave to amend the Complaint.  Plaintiff also seeks any other relief the court deems appropriate.

Dated: December 23, 2009            Respectfully submitted,

By:_____/S/_____
Michael Patrick Rooney, Esq.
Attorney for Plaintiff PETRA MARTINEZ

**PLAINTIFF PETRA MARTINEZ'S OPPOSITION TO DEFENDANTS' MOTION TO DISMISS COMPLAINT**