| | |
|---|---|
| 1 | SUNNY S. HUO (State Bar No. 181071) |
|   | ssh@severson.com |
| 2 | KALAMA M. LUI-KWAN (State Bar No. 242121) |
|   | kml@severson.com |
| 3 | SEVERSON & WERSON |
|   | A Professional Corporation |
| 4 | One Embarcadero Center, Suite 2600 |
|   | San Francisco, CA  94111 |
| 5 | Telephone:  (415) 398-3344 |
|   | Facsimile:  (415) 956-0439 |
| 6 | |
|   | Attorneys for Defendants |
| 7 | Countrywide Home Loans, Inc. (d/b/a |
|   | America's Wholesale Lender), BAC |
| 8 | Home Loans Servicing, LP (f/k/a Countrywide |
|   | Home Loans Servicing L.P.), ReconTrust |
| 9 | Co., N.A., Bank of America, N.A., and |
|   | Bank of New York Mellon (erroneously |
| 10 | named as Bank of New York) |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| PETRA MARTINEZ, | | Case No.: 09-cv-05630-WHA |
| | Plaintiff, | **OPPOSITION TO PLAINTIFF'S NOTICE OF DISMISSAL OF FEDERAL CLAIMS** |
| | v. | |
| AMERICA'S WHOLESALE LENDER, *et al.*, | | Date:       None Set |
| | Defendants. | Time:       None Set |
| | | Courtroom: 9, 19th Floor |
| | | Judge:      Hon. William H. Alsup |

1    Plaintiff Petra Martinez ("Plaintiff") has filed a Notice of Dismissal of Federal Claims
under Federal Rule 41(a)(2) ("Notice"), seeking to dismiss her claims under the Real Estate
Settlement Procedures Act ("RESPA") and Fair Debt Collection Practices Act ("FDCPA")
without prejudice.

   The problem with Plaintiff's Notice is not that it seeks to strip the federal claims from the first amended complaint ("FAC") against defendants Countrywide Home Loans, Inc. (d/b/a America's Wholesale Lender), BAC Home Loans Servicing, LP (f/k/a Countrywide Home Loans Servicing L.P.), ReconTrust Co., N.A., Bank of America, N.A., and Bank of New York Mellon (erroneously named as Bank of New York) ("Defendants").  And although Plaintiff is trying to omit federal causes of action from her pleading for the obvious purpose of supporting her motion to remand this case back to state court, there is nothing necessarily wrong with that either.

   Rather, the fundamental problem with Plaintiff's Notice is that she filed it to delay resolution of this action, prejudicing Defendants' ability to foreclose upon the property at issue in this case ("Property").  Defendants therefore respectfully request that the Court deny her request to dismiss the federal claims.  Alternatively, in the event the Court is inclined to allow Plaintiff to dismiss her federal claims, Defendants respectfully request that the Court order Plaintiff to pay Defendants' reasonable attorneys' fees and dismiss the federal claims with prejudice.

I.   ARGUMENT

   A.   **Allowing Plaintiff To Voluntarily Dismiss Her Federal Claims Would Prejudice Defendants' Ability To Foreclose Upon The Property**

   The specific provision of Rule 41 relied upon by Plaintiff, Rule 41(a)(2), militates against dismissal.  Under Rule 41(a)(2), a voluntary dismissal is inappropriate where a defendant "will suffer some plain legal prejudice as a result."  *Manuel v. Shipyard Holdings*, 2001 WL 1382050, at *3 (N.D. Cal. Nov. 5, 2001) (Alsup, J.) (denying Rule 41(a)(2) request).  "Legal prejudice" means "prejudice to some legal interest, claim or argument . . . ."  *Id.* (citing *Westlands Water Dist. v. U.S.*, 100 F.3d 94, 97 (9th Cir. 1996)); *see also Shepard v. Egan*, 767 F. Supp. 1158, 1165 (D. Mass. 1990) (most important interests are those of defendant); *Mercer Tool Corp. v. Friedr. Dick GmbH*, 175 F.R.D. 173, 175 (E.D.N.Y. 1997) (primary purpose of Rule 41(a)(2) is to

1

protect interests of defendant); *Schwarz v. Folloder*, 767 F.2d 125, 129 (5th Cir. 1985) (principal interest is to avoid prejudice to defendant); *Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987) (court "must focus primarily on protecting the interests of the defendant").

Although Rule 41(a)(2) does not prohibit Plaintiff from stripping federal claims from her FAC, the "prejudice resulting from uncertainty over title to land is also a valid consideration" in determining whether Defendants would be prejudiced by a Rule 41(a)(2) dismissal. *J.A. Fischer v. Zespri Fresh Produce N. Am.*, 2007 WL 2385074, at *9 (Aug. 17, 2007) (citing *Ferguson v. Eakle*, 492 F.2d 26, 29 (3d Cir. 1974)).

In this case, after Plaintiff filed her complaint in Superior Court, she recorded a "Notice of Pendency of Action" with the county recorder's office ("Lis Pendens"). (Lui-Kwan Decl., Ex. 1.) The purpose of a lis pendens is to "give notice that a lawsuit has been filed which may, if that person prevails, affect title to or possession of the real property described in the notice." *Ritchie v. Cmty. Lending Corp.*, 2009 WL 2486575, at *2 (E.D. Cal. Aug. 12, 2009) (citation omitted). Lis Pendens "clouds real property title, oftentimes for lengthy durations, because the recording of Lis Pendens, unless it is expunged, lasts until the resolution of the pending action." *Id.* at *2.

Not surprisingly, the Lis Pendens recorded by Plaintiff specifically states that the instant litigation "affects title to specific real property and the right to possession of specific real property identified in the complaint." (Lui-Kwan Decl., Ex. 1.) Thus, if allowed to voluntarily dismiss her federal claims in a thinly veiled attempt to have this action remanded to state court, Plaintiff would effectively extend the duration of her litigation and Lis Pendens. By doing so, she would continue to ensure that title to the Property remains unmarketable, making it impossible for Defendants to sell the Property at a trustee's sale.

Because Plaintiff's Notice would prejudice Defendants' ability to foreclose upon the Property by continuing to cloud title, her request should be denied. *See J.A. Fischer*, 2007 WL 2385074, at *9 (citing *Ferguson*, 492 F.2d at 29); *Manuel*, 2001 WL 1382050, at *3 ("Ninth Circuit caselaw intimates that a district court may refuse to grant dismissal under Rule 41(a)(2) when exceptional circumstances suggest bad faith and/or vexatious tactics on the part of the plaintiff, and that the defendant may suffer the 'legal prejudice' of never having claims

resolved.") (citing *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996)).[1]

### B. In The Alternative, If Plaintiff Is Allowed To Dismiss Her Federal Claims, She Should Be Required To Pay Defendants' Reasonable Attorneys' Fees, And Her Federal Claims Should Be Dismissed With Prejudice

In the event the Court allows Plaintiff to voluntarily dismiss her federal claims, *and* grants her motion to remand following the February 25, 2009 hearing,[2] Defendants respectfully request that the Court: (1) order Plaintiff to pay Defendants' reasonable attorneys' fees associated with the costs of defending the action to date; and (2) dismiss her claims under RESPA and the FDCPA with prejudice.

***First***, Plaintiff should be required to pay Defendants' attorneys' fees as a condition of her dismissal.  In awarding fees and costs to defendants as a condition of a Rule 41(a)(2) dismissal, another court explained that "[t]he jockeying of a case from state court, to federal court, and then back to state court is a drain on the resources of the state judiciary, the federal judiciary, and the parties involved, and this type of tactical manipulation by plaintiffs should not be condoned." *Young v. Roy's Restaurant*, 2006 WL 2598962, at *3 (M.D. Fl. Sept. 11, 2006) (internal quotation marks and citations omitted).

Indeed, Plaintiff has offered no reason to believe that she is pursuing this litigation in good faith.  As Defendants explained in the Motion, this lawsuit has the hallmarks of a classic stalling action—Plaintiff has no standing to sue, no facts to plead, and no apparent reason to pursue her claims other than to impose costs upon Defendants to delay the trustee's sale and leverage a new loan.  (*See* Dkt No. 5.)

---

[1] In addition, Defendants' motion to dismiss this action is still pending before the Court.  (Docket No. 5.)  By filing her Rule 41(a)(2) request after Defendants filed the Motion (but before the hearing on the Motion), Plaintiff is trying to avoid an adverse ruling on the sufficiency of her pleadings.  A Rule 41(a)(2) request should be denied under these circumstances.  *See*, *e.g.*, *Marex Titanic, Inc. v. Wrecked and Abandoned Vessel*, 2 F.3d 544, 547 (4th Cir. 1993) (questioning wisdom of "allowing party . . . to dismiss a case in order to avoid an unfavorable decision on the merits"); *Home Am. Credit, Inc. v. Investors Title Ins. Co.*, 199 F.R.D. 563, 565 (E.D. N.C. 2001) ("permitting a voluntary dismissal without prejudice at this time would simply permit the plaintiff to avoid dismissal of this case on the merits"); *St. Clair v. Gen. Motors Corp.*, 10 F.Supp.2d 523, 530-31 (M.D. N.C. 1998) (describing motion for voluntary dismissal as attempt to avoid adverse consequences of plaintiff's own failure to comply with discovery deadlines).

[2] Defendants intend to serve and file an opposition to Plaintiff's motion to remand no later than February 4, 2010.  *See* L.R. 7-3(a).

By submitting her Notice in support of her effort to remand this case back to state court, Plaintiff is engaging in gamesmanship that does nothing more than delay an inevitable trustee's sale and force Defendants to incur more legal fees.  Because there is no factual basis for Plaintiff's claims, the Court should grant Defendants fees and costs associated with defending this action to date.  *See Rosen v. Trans Union Corp.*, 1999 WL 1080639, at 1 (N.D. Cal. Nov. 12, 1999) (Alsup, J.) ("Having found there to be no factual basis whatsoever for Rosen's claims, the Court grants Rosen's Federal Rule of Civil Procedure . . . 41(a)(2) motion to voluntarily dismiss his case without prejudice.  The Court does so on the condition that Rosen pay defendant Trans Union Corp. . . . reasonable attorneys fees associated with the costs of defending the action as to Rosen's individual case."); (Lui-Kwan Decl. ¶ 4 (describing fees incurred to date)).

*Second*, as a condition to her voluntary dismissal, Plaintiff should also be required to dismiss her RESPA and FDCPA claims with prejudice.  Although Plaintiff would obviously prefer to dismiss her claims without prejudice, Defendants "can see no reason, nor has plaintiff offered one, why justice would be served by allowing her to reassert her federal claim at a later date."  *Otto v. Blue Shield of California*, 1997 WL 16303, at *1 (N.D. Cal. Jan. 10, 1997).

In *Otto*, for instance, the court considered whether to grant plaintiff's motion to voluntarily dismiss her federal claim under Rule 41(a)(2) and remand the case to state court.  The *Otto* court granted the request with the condition that plaintiff dismiss the federal claim with prejudice because "[s]he has made a tactical decision to abandon that claim in favor of a preferable forum; she has that option, but she is not entitled to force the defendants to repeat the removal process."  *Id.*  Similarly, Plaintiff in this case should not be allowed to force Defendants to litigate at a later time the federal claims that she now seeks to dismiss.

## II.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's request to voluntarily dismiss her federal claims.  Alternatively, in the event the Court allows Plaintiff to dismiss her federal claims, Defendants respectfully request that the Court order her to pay Defendants' reasonable attorneys' fees and dismiss the federal claims with prejudice.

/ / /

| | | |
|---|---|---|
| 1 | DATED: December 31, 2009 | Respectfully submitted, |
| 2 | | SEVERSON & WERSON |
| 3 | | A Professional Corporation |
| 4 | | By: _____*/s/ Kalama M. Lui-Kwan*_____ |
| | | Kalama M. Lui-Kwan |
| 5 | | Attorneys for Defendants Countrywide Home Loans, Inc. (d/b/a America's Wholesale Lender), BAC Home Loans Servicing, LP (f/k/a Countrywide Home Loans Servicing L.P.), ReconTrust Co., N.A., Bank of America, N.A., and Bank of New York Mellon (erroneously named as Bank of New York) |

5

11952/0255/781032.1

Opp. to Notice of Dismissal
Case No. 3:09-cv-05630-WHA