Michael Patrick Rooney (SBN. 248491)
MICHAEL ROONEY LAW OFFICE
580 California St. Fl. 16
San Francisco, CA 94104
Tel: (415) 533-0282
Fax: (415) 704-3321

Attorney for Plaintiff
PETRA A. MARTINEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETRA A. MARTINEZ, <br><br> Plaintiff, <br><br> v. <br><br> AMERICA'S WHOLESALE LENDER, COUNTRYWIDE/BANK OF AMERICA, RECON TRUST/MERS, and DOES 1-100, <br><br> Defendants. | CASE NO.: 3-09-CIV-5630WHA <br><br> **PLAINTIFF PETRA A. MARTINEZ'S REPLY TO DEFENDANTS' OBJECTION TO NOTICE OF DISMISSAL OF FEDERAL CLAIMS** <br><br> Department: 450 Golden Gate Ave. <br> San Francisco, CA 94102 <br> Courtroom 9, 19th Floor <br> Judge: Hon. William Alsup |

**I. Plaintiff has the Absolute Right to Voluntary Dismissal.**

Subject to inapplicable exceptions, plaintiff has the absolute right to dismiss the action by filing "a notice of dismissal before the opposing party serves either an anwer or motion for summary judgment. FRCP 41(a)(1)(A)(i); see *Commercial Space MAnagement Co., Inc. v. Boeing Co., Inc.* (9th Cir. 1999) 193 F.3d 1074.

## II. FRCP 41(a)(2) and 15(a) are "Functionally Interchangeable" Under *Ethridge v. Harbor House Restaurant* (9th Cir. 1988) 861 F.2d 1389, 1392.

While FRCP 15(A) is the preferred procedure for dropping a single claim, *Etheridge*, supra, and *Jet, Inc. v. Sweate Aeration Systems* (Fed. Cir 2000) 223 F3d 1360, 1364-1365 provide that FRCP 41(a)(2) and 15(a) are "functionally interchangeable" when seeking dismissal of less than all claims. See also: Hells Canyon Preservation Council v. United States Forest Service (9th Cir. 2005) 403 F.3d 683, 688 (where plaintiff's oral motion to dismiss claims is treated as motion for leave to amend).

## III. Plaintiff's Dismissal of the Claims is Admittedly Intended To Support Plaintiff's Remand Motion, Though is Absolutely Not in Bad Faith.

Plaintiff's voluntary dismissal of Federal Claims, first of all, is not a "thinly veiled" anything, as declared in the Defendants' objection. This language is an inappropriate attempt to manipulate the court into seeing shadows where there only is light.

Rather, the Voluntary Dismissal of Federal Claims is a blatant use of perfectly fine, codified procedure. FRCP 41(a)(2) & 15(a). There is nothing furtive about it, and there is no need for furtiveness, or "veils," so to speak.

Plaintiff only asks the court to follow the laws (indeed, in this and all other requests, including the First Amended Complaint). It is the Defendants, on the other hand, who ask the court for exceptions, blind eyes, and to bend over backwards to prejudice the plaintiff in *literally every way imaginable*, in this and all other motions and pleadings and oppositions in this case.

### a. Plaintiff was <u>Following the Mandatory State Law of California in Recording and Filing the Lis Pendens along with the Lawsuit to Quiet Title.</u>

Statutorily, the plaintiff in a quiet title action *must* record, immediately on commencement of the action, a lis pendens with the county recorder of each county in which any real property described in the complaint is located. CCP §761.010(b). Plaintiff so complied with this requirement.

Defendants' entire "bad faith" argument is based on Plaintiff's *following the law* and therefore Defendants' objection must be overruled and request for extraordinary relief denied.

### b. Plaintiff Sues and Litigates Here in Good Faith.

Plaintiff brought the instant action in state court and wishes to litigate in state court. Defendants nor their counsel contacted Plaintiff or Plaintiff's counsel prior to removal, nor did they contact Plaintiff or Plaintiff's counsel prior to filing a motion to dismiss without leave to amend (See: The Rutter Group, *Federal Civil Procedure Before Trial*, §§ 9:177-9:186 on how filing Rule 16(b)(6) motions without leave to amend is widely disfavored and largely a waste of everyone's time).

On the contrary, Defense Counsel UTTERLY IGNORES all meet and confer letters sent by Plaintiff's counsel in an effort to avoid unnecessary expense and litigation, such as the letter plaintiff's counsel sent regarding plaintiff's ex parte motion to correct the record, attached hereto as Exhibit A.

At Section B of their Opposition, defendants accuse Plaintiff of "jockeying" her case, where she was never contacted about the removal and never wanted the case in federal court to begin with. Plaintiff is not "jockeying" anything. She is being bullied by the defendants, who first defrauded her, and now want wrongfully to take her home.

Defendants further argue that their motion to dismiss is pending. The 9th circuit has repeatedly ruled that leave to amend is appropriate in all but the most exceptional circumstances, into which this case does not fit. *Lopez v. Smith*, 2093 F.3d 1122 (9th Cir. 2000). <u>Plaintiff is in fact attempting to conserve</u> judicial and private resources by not simply waiting until leave to amend is granted and then amending the Complaint to exclude these causes of action.

To wit, Plaintiff may freely amend prior to an answer from the Defendants and here uses the voluntary dismissal tool as a procedural alternative, again to save time and resources.

Plaintiff has done nothing to prejudice the Defendants, nor does she intend to. Rather, the Defendants wish to prejudice the Plaintiff from her Constitutional rights at every turn, including her right to dismiss the federal claims that Defendants wished to have removed to federal court. Defendants object to correction of the record in the interests of justice, object to amendment of the complaint despite their own complaints about "too few facts", and object to Plaintiff having any rights in this proceeding whatsoever.

Defense counsel's own declaration is not proper or sufficient evidence to establish plaintiff's bad faith, nor does it support a request for attorneys fees or the extraordinary remedy of dismissing these claims with prejudice.

Plaintiff seeks to plead any violations of federal law as a California Business and Professions Code § 17200 claim under the "illegality" prong, which is her right as a litigant and a citizen of the State of California.

**CONCLUSION**

Plaintiff respectfully asks the court to permit her the "absolute right" to dismiss the claims she sees fit, to sue for wrongs done to her, and to not be unjustly sanctioned for merely pursuing a procedure both expressly provided for in the rules of federal procedure and commonly recommended by practice guides. Defendants ask the court to violate every judicial policy favoring amendment of the pleadings and fairness to the plaintiff and instead replace them with an order punishing the plaintiff based on

Dated: December 31, 2009              Respectfully submitted,

                                      By: _____/S/_____
                                      Michael Patrick Rooney, Esq.
                                      Attorney for Plaintiff PETRA A. MARTINEZ

**DECLARATION IN SUPPORT**

1. I, Michael Patrick Rooney, Esq. am over 18 and not a party to this suit.

2. I am counsel for plaintiff Petra Martinez. I sent the letter attached as Exhibit A to counsel for Defendants, Mr. Lui-Kwan regarding correcting the record in the above-captioned case.

3. Counsel has never replied.

I swear the above to be true and correct under the penalty of perjury under the laws of the State of California on this 31 day of December, 2009.

By: /S/ Michael Patrick Rooney, Esq.

4

**PLAINTIFF PETRA A. MARTINEZ'S REPLY TO DEFENDANTS' OBJECTION TO NOTICE OF DISMISSAL OF FEDERAL CLAIMS**