1  SUNNY S. HUO (State Bar No. 181071)
   ssh@severson.com
2  KALAMA M. LUI-KWAN (State Bar No. 242121)
   kml@severson.com
3  SEVERSON & WERSON
   A Professional Corporation
4  One Embarcadero Center, Suite 2600
   San Francisco, CA  94111
5  Telephone:  (415) 398-3344
   Facsimile:  (415) 956-0439
6
   Attorneys for Defendants
7  Countrywide Home Loans, Inc. (d/b/a
   America's Wholesale Lender), BAC Home
8  Loans Servicing, LP (f/k/a Countrywide
   Home Loans Servicing L.P.), ReconTrust
9  Co., N.A., Bank of America, N.A., and
   Bank of New York Mellon f/k/a The
10 Bank of New York as Trustee

11

12              UNITED STATES DISTRICT COURT

13              NORTHERN DISTRICT OF CALIFORNIA

14 PETRA MARTINEZ,                          Case No.: 09-cv-05630-WHA
                                            (Superior Court Case No. M100410)
15            Plaintiff,
                                            **DECLARATION OF EVA TAPIA IN**
16     v.                                   **SUPPORT OF DEFENDANTS'**
                                            **MOTION FOR SUMMARY**
17 AMERICA'S WHOLESALE LENDER, et al.,      **JUDGMENT**

18            Defendants.                   Date:       March 4, 2010
                                            Time:       8:00 a.m.
19                                          Courtroom:  9, 19th Floor
                                            Judge:      Hon. William H. Alsup
20

21

22

23

24

25

26

27

28

1952/0255/786757.1                                    E. Tapia Declaration

I, Eva Tapia, declare as follows:

1.      I am a Vice President at ReconTrust Company, N.A. ("ReconTrust"). I am making this declaration in support of the motion for summary judgment filed in this action by defendants Countrywide Home Loans, Inc. (d/b/a America's Wholesale Lender), BAC Home Loans Servicing, LP (f/k/a Countrywide Home Loans Servicing L.P.), ReconTrust, Bank of America, N.A., and Bank of New York Mellon f/k/a The Bank of New York as Trustee. I am familiar with the facts and circumstances set forth herein.

2.      It is my understanding that the loan at issue in this case is a conventional loan that was issued to Petra Martinez and Stanley Atkinson pursuant to a deed of trust ("Deed of Trust") and promissory note dated January 4, 2006 ("Loan"). The Loan was secured by property located at 25339 Camino De Chamisal, Salinas California 93908 ("Property"). I understand that Ms. Martinez defaulted on the Loan as of May 1, 2008.

3.      At the time that Ms. Martinez defaulted on the Loan, ReconTrust served as an agent for Mortgage Electronic Registration Systems, Inc. ("MERS"), the Loan's beneficiary.

4.      On January 28, 2009, almost nine months after Ms. Martinez defaulted on the Loan, ReconTrust recorded a notice of default ("Notice of Default") with the Monterey County Recorder's Office ("Recorder's Office") in its capacity as MERS' agent. A true and correct copy of the Notice of Default is attached hereto as Exhibit A.

5.      My understanding is that on August 3, 2007, the MERS board of directors approved a corporate resolution, which states that "all employees of ReconTrust . . . are hereby appointed as assistant secretaries of MERS" ("August 3, 2007 Resolution"). A true and correct copy of the August 3, 2007 Resolution is attached hereto as Exhibit B.

6.      At the time of the August 3, 2007 Resolution, Elisavet Meza was an employee of ReconTrust.

7.      On February 2, 2009, Ms. Meza signed a Substitution of Trustee as an Assistant Secretary at MERS ("Substitution of Trustee"). The Substitution of Trustee shows that MERS replaced the original trustee (CTC Real Estate Services) with a new trustee (ReconTrust).

---

                         E. Tapia Declaration

8.     Almost three months later, on April 29, 2009, LPS-Agency Sales & Posting ("LPS") posted a Notice of Trustee's Sale ("Notice of Trustee's Sale") on the Property. The Notice of Trustee's Sale states that a total of $1,608,361.83 was owed on the Loan, and that the trustee's sale was scheduled for May 20, 2009. LPS provided ReconTrust with a certificate of posting and two photographs showing that the Notice of Trustee's Sale was in fact posted on the Property ("Certificate of Posting"). A true and correct copy of the Certificate of Posting is attached hereto as Exhibit C.

9.     On May 4, 2009, ReconTrust recorded the Substitution of Trustee, which MERS had signed on February 2, 2009. A true and correct copy of the Substitution of Trustee is attached hereto as Exhibit D.

10.     Later that same day, May 4, 2009, ReconTrust recorded the Notice of Trustee's Sale in its capacity as the Loan's trustee. A true and correct copy of the Notice of Trustee's Sale is attached hereto as Exhibit E.

11.     In addition to posting the Notice of Trustee's Sale on the Property on April 29, 2009, and recording the notice on May 4, 2009, ReconTrust arranged to have the contents of the notice published in *The Salinas Californian* newspaper on April 29, 2009 and May 6 and 13, 2009. My understanding is that on May 18, 2009, *The Salinas Californian* sent ReconTrust a proof of publication by facsimile ("Proof of Publication"). The Proof of Publication appears to be signed by the newspaper's agent under penalty of perjury. A true and correct copy of the Proof of Publication is attached hereto as Exhibit F.

12.     My understanding is that Petra Martinez, Stanley Atkinson, or their authorized third-party representatives have been in contact with Countrywide Home Loans Servicing LP or related entities since ReconTrust recorded the Notice of Trustee's Sale on May 4, 2009, if not earlier. I also understand that requests have been made to postpone the trustee's sale on the property, which had been initially scheduled for May 20, 2009.

13.     ReconTrust's records contain certificates of postponement showing that the trustee's sale has been postponed 12 times: (1) from May 20, 2009 to June 18, 2009; (2) from June 18, 2009 to July 17, 2009; (3) from July 17, 2009 to August 17, 2009; (4) from August 17, 2009 to September

16, 2009; (5) from September 16, 2009 to October 9, 2009; (6) from October 9, 2009 to October 14, 2009; (7) from October 14, 2009 to November 13, 2009; (8) from November 13, 2009 to November 25, 2009; (9) from November 25, 2009 to January 4, 2010; (10) from January 4, 2010 to January 19, 2010; (11) from January 19, 2010 to February 19, 2010; and (12) from February 19, 2010 to March 5, 2010 ("Certificates of Postponement"). True and correct copies of the 12 Certificates of Postponement are attached hereto as Exhibit G.

I declare under the penalty of perjury that the foregoing is true and correct. Executed on this 28th day of January 2010, at Simi Valley, California.

Eva Tapia