SUNNY S. HUO (State Bar No. 181071)
ssh@severson.com
KALAMA M. LUI-KWAN (State Bar No. 242121)
kml@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:  (415) 398-3344
Facsimile:  (415) 956-0439

Attorneys for Defendants
Countrywide Home Loans, Inc. (d/b/a
America's Wholesale Lender), BAC Home
Loans Servicing, LP (f/k/a Countrywide
Home Loans Servicing L.P.), ReconTrust
Co., N.A., Bank of America, N.A., and
Bank of New York Mellon f/k/a The
Bank of New York as Trustee

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETRA MARTINEZ,<br><br>             Plaintiff,<br><br>     v.<br><br>AMERICA'S WHOLESALE LENDER, *et al.*,<br><br>             Defendants. | Case No.:  09-cv-05630-WHA<br><br>**OPPOSITION TO MOTION TO REMAND**<br><br>Date:          February 25, 2010<br>Time:          8:00 a.m.<br>Courtroom: 9, 19th Floor<br>Judge:        Hon. William H. Alsup |

**TABLE OF CONTENTS**

Page

STATEMENT OF ISSUES ..................................................................................................iv

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT ..........................................................................................................2

    A. Defendants Do Not Need The Consent Of Co-Defendant Mortgage Electronic Registration Systems, Inc. Because It Has Not Been Served ..........................................................................................................2

    B. The Motion To Remand Should Be Denied Because The Court Still Has Federal-Question Jurisdiction Over This Action ..............................4

        1. Remand Would Be Inappropriate Because The Pleading On File At The Time Of Removal Raised Questions Of Federal Law ......................................................................................................5

        2. The Motion To Remand Is Premature Because The Federal Claims Have Not Yet Been Dismissed ........................................7

        3. Remand Would Be Inappropriate Because Even If The Rule 41(a)(2) Notice Is Approved, The FAC Still Raises Questions Of Federal Law ...........................................................8

            a. The Declaratory Relief Claim Raises Questions Of Federal Law ................................................................................9

            b. The UCL Claim Raises Questions Of Federal Law ......................10

    C. The Factors Considered By The Ninth Circuit Counsel Toward Retaining Jurisdiction Over The Remaining Claims .............................10

III. CONCLUSION ....................................................................................................12

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Bader v. Elec. for Imaging, Inc.*,
 195 F.R.D. 659 (N.D. Cal. 2000) ...................................................................................... 7

*Behlen v. Merrill Lynch*,
 311 F.3d 1087 (11th Cir. 2002) ......................................................................................... 6

*Brogan v. Apple Computer*,
 1996 WL 88853 (N.D. Cal. Feb. 27, 1996) ..................................................................... 10

*Carnegie-Mellon Univ. v. Cohill*,
 484 U.S. 343 (1988) ................................................................................................. 10, 12

*City of Chicago v. International College of Surgeons*,
 522 U.S. 156 (1997) ..................................................................................................... 8, 9

*Curcio v. Wachovia Mortgage Corp.*,
 2009 WL 3320499 (N.D. Cal. Oct. 14, 2009) ................................................................. 10

*Emrich v. Touche Ross & Co.*,
 846 F.2d 1190 (9th Cir. 1988) ....................................................................................... 2, 4

*Ferguson v. Eakle*,
 492 F.2d 26  (3d Cir. 1974) ............................................................................................... 7

*Franchise Tax Bd. v. Construction Laborers Vacation Trust*,
 463 U.S. 1, 103 S. Ct. 2841 (1983) ................................................................................... 8

*Gahagan v. North Carolina Highway Patrol*, 2000 WL 33946065
 (W.D.N.C. Oct. 25, 2000) ................................................................................................ 8

*Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*,
 545 U.S. 308 (2005) ......................................................................................................... 9

*Harrell v. 20th Century Ins. Co.*,
 934 F.2d 203 (9th Cir. 1991) .......................................................................................... 11

*J.A. Fischer v. Zespri Fresh Produce N. Am.*,
 2007 WL 2385074 (E.D. Cal. Aug. 17, 2007) .................................................................. 7

*Kinder v. Citibank*,
 2000 WL 1409762 (S.D. Cal. Sept. 14, 2000) ......................................................... 5, 6, 7

*Manuel v. Shipyard Holdings*,
 2001 WL 1382050 (N.D. Cal. Nov. 5, 2001) ................................................................... 7

*Mortgage Electronic Registration Sys., Inc. v. Brosnan*,
 2009 WL 3647125 (N.D. Cal. Sept. 4, 2009) ............................................................... 3, 4

*Murillo v. Lehman Brothers Bank FSB*,
 2009 WL 2160578 (N.D. Cal. July 17, 2009) ................................................................ 10

*Payne v. Parkchester North Condominiums*,
  134 F. Supp. 2d 582 (S.D.N.Y. 2001) .................................................................................. 11

*Perfect 10, Inc. v. CWIE, LLC*,
  2004 WL 5486517 (C.D. Cal. Nov. 9, 2004) ........................................................................ 7

*Pfeiffer v. Hartford Fire Ins. Co.*,
  929 F.2d 1484 (10th Cir. 1991) ............................................................................................ 6

*Rockwell v. U.S.*,
  549 U.S. 457 (2007) ............................................................................................................. 6

*Salveson v. Western States Bankcard Ass'n*,
  731 F.2d 1423 (9th Cir. 1984) ..................................................................................... 2, 3, 4

*Satey v. JPMorgan Chase & Co.*,
  521 F.3d 1087 (9th Cir. 2008) ................................................................................ 10, 11, 12

*Seafarers Int'l Union, Pacific District-Pacific Maritime Ass'n Pension
  Plan v. Stone*, 453 U.S. 922 (1981) ............................................................................ 8, 9, 10

*Schaffer v. GTE, Inc.*,
  40 Fed.Appx. 552 (9th Cir. 2002) ..................................................................................... 5, 7

*Southern Pac. Co. v. Haight*,
  126 F.2d 900 (9th Cir. 1942) ............................................................................................. 5, 7

*Sparta v. Surgical Corp. v. Nat'l Assoc. of Sec. Dealers, Inc.*,
  159 F.3d 1209 (9th Cir. 1998) ......................................................................................... 5, 6, 7

*Stone v. Stone*,
  632 F.2d 740 (9th Cir. 1980) ..................................................................................... 8, 9, 10

*Zlotnik v. U.S. Bancorp.*,
  2009 WL 5178030 (N.D. Cal. Dec. 22, 2009) .................................................................... 10

**STATUTES**

United States Code
  12 U.S.C. §§ 2601, *et seq* ...................................................................................................... 6
  15 U.S.C. §§ 1692, *et seq* ...................................................................................................... 6

Civil Code
  Section 2923.6 .................................................................................................................... 10

# STATEMENT OF ISSUES

## (Civil Local Rule 7-4(a)(3))

1. Were defendants Countrywide Home Loans, Inc. (d/b/a America's Wholesale Lender), BAC Home Loans Servicing, LP (f/k/a Countrywide Home Loans Servicing L.P.), ReconTrust Company, N.A., Bank of America, N.A., and Bank of New York Mellon f/k/a The Bank of New York as Trustee ("Defendants") required to obtain the consent of co-defendant Mortgage Electronic Registration Systems, Inc. before removing the action to this Court, even if MERS has not been served?

2. Should the Court, in compliance with Ninth Circuit authority, retain federal-question jurisdiction over this action based on an analysis of the complaint on file at the time of removal?

3. Should the motion to remand be denied where it is based on arguments that the Court lacks federal-question jurisdiction, even though federal claims have not yet been dismissed?

4. Do the amended complaint's state-law claims turn on purported violations of federal law?

5. Do the factors of judicial economy, convenience, fairness, and comity counsel toward retaining jurisdiction over the claims in this case, where plaintiff Petra Martinez purports to have dismissed overtly federal causes of action from her amended complaint only so that the state court can hear this matter, and where the parties and the Court have already expended a considerable amount of time and resources in this action?

## I. INTRODUCTION

Plaintiff Petra Martinez ("Plaintiff") filed this action for only one purpose: to delay the trustee's sale of the property at issue ("Property"). She does not dispute that she has lived on the Property at no cost since the Notice of Default was recorded a year ago, in January 2009. (Dkt. No. 6-2.) Indeed, at the time the notice was recorded, Plaintiff was already $79,555.75 behind in her payments, as she had not paid her mortgage since May 2008. (*Id.*) In other words, for the last 20 months, Plaintiff has been living in a $1.5 million house without paying rent, mortgage, property taxes, or property insurance. Not surprisingly, she would like to continue to do that.

When she filed her action in the Superior Court for the County of Monterey ("Superior Court"), she asserted 10 claims, including two federal claims and a few state-law claims based on federal-law violations. On November 30, 2009, defendants Countrywide Home Loans, Inc. (d/b/a America's Wholesale Lender), BAC Home Loans Servicing, LP (f/k/a Countrywide Home Loans Servicing L.P.), ReconTrust Company, N.A., Bank of America, N.A., and Bank of New York Mellon f/k/a The Bank of New York as Trustee ("Defendants") removed the action to this Court.

Plaintiff now seeks to remand the action on two grounds. First, she claims that co-defendant Mortgage Electronic Registration Systems, Inc. ("MERS"), a Delaware corporation, was served but has not consented to the removal.

The problem with this argument, however, is that ***Plaintiff has not served MERS***. She served a California entity that shares the same name, but has no relationship with the Delaware corporation that should have been served. Defendants therefore did not need MERS' consent to remove the action.

Second, Plaintiff argues that the Court no longer has federal-question jurisdiction over this matter because she voluntarily dismissed her federal claims under Rule 41(a)(2) ("Rule 41(a)(2) Notice") just a few hours before filing her motion to remand ("Motion to Remand" or "Motion").

There are three problems with this argument: (1) federal-question jurisdiction is determined based on the pleadings on file at the time of removal, and not (as Plaintiff suggests) at the time of any post-removal pleadings; (2) the FAC still asserts violations of federal law because under Rule 41(a)(2), claims may be dismissed only by an order, which the Court has not yet

issued; and (3) the FAC's remaining state-law claims turn on questions of federal law. Thus, contrary to Plaintiff's belief, this Court still has federal-question jurisdiction over this action.

Further, even if the Court lacked federal-question jurisdiction, the factors considered by courts in the Ninth Circuit—"judicial economy, convenience, fairness, and comity"—all counsel toward retaining supplemental jurisdiction over the remaining claims in this case.

Simply put, by moving to remand on the grounds that MERS did not consent (even though it was not served) and that the Court lacks jurisdiction (even though it has federal-question jurisdiction), Plaintiff has filed a motion that is wrong on the facts and the law. Defendants therefore respectfully request that the Court deny the Motion to Remand in its entirety.

## II.   ARGUMENT

### A.   Defendants Do Not Need The Consent Of Co-Defendant Mortgage Electronic Registration Systems, Inc. Because It Has Not Been Served

Plaintiff argues that removal was improper because MERS did not consent to the removal. Plaintiff is wrong. Defendants did not need to obtain MERS' consent to the removal because MERS *was not served*.

As a general matter, "all defendants in a state action must join in the petition" for removal. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). But under Ninth Circuit law, "[t]his general rule applies . . . only to defendants properly joined and served in the action." *Id.* (citing *Salveson v. Western States Bankcard Ass'n*, 731 F.2d 1423, 1429 (9th Cir. 1984) (noting "a party not served need not be joined" in a petition for removal)).

Plaintiff did not serve MERS. MERS is a corporation that was incorporated in Delaware on January 1, 1999 as "Mortgage Electronic Registration Systems, Inc." (Decl. of K. Lui-Kwan ("Lui-Kwan Decl."), Ex. 1.) Its agent for service of process is the Corporation Trust Company, which is located at 1209 Orange Street, Wilmington, Delaware. (*Id.*) The deed of trust that Plaintiff attached as an exhibit to her first amended complaint ("FAC") identifies this Delaware corporation as the beneficiary in the transaction at issue. (FAC, Ex. C, at 2 ("MERS is the beneficiary under this Security Instrument. MERS is organized and existing under the laws of Delaware . . . .").)

Plaintiff does not contend that she served the Delaware corporation identified in her deed of trust. The entity that Plaintiff served is also known as "Mortgage Electronic Registration Systems, Inc." But although this entity uses the same trade name as the Delaware corporation, it is a completely unrelated entity. This entity was incorporated in California on June 1, 2009. (Lui-Kwan Decl., Ex. 2.) The entity's agent for service of process is an individual named John Brosnan, who is located at 3321 Vincent Road, Pleasant Hill, California. (*Id.*) The proof of service that plaintiff attached as an exhibit to her Motion shows that Plaintiff served Mr. Brosnan, *i.e.*, the California entity, and not the Delaware corporation. (*See* Motion, Ex. A (stating that John Brosnan was served at "3321 Vincent Rd" in "Pleasant Hill, CA").)

The reason that the Delaware corporation and the California entity share the same trade name is that Mr. Brosnan registered the California entity under the same name (without the Delaware corporation's permission) in an attempt to confuse third parties for his personal benefit. Once the Delaware corporation learned of Mr. Brosnan's plan, it sent him a cease and desist letter, filed an action in this District, and obtained an injunction preventing him from using the MERS trade name. *See Mortgage Electronic Registration Sys., Inc. v. Brosnan*, 2009 WL 3647125, at *10 (N.D. Cal. Sept. 4, 2009).[1]

None of this is news to Plaintiff. Defendants specifically explained in their Removal Notice that MERS is not required to join in the removal because Plaintiff served the California entity, not the Delaware corporation:

> The entity that was served, however, is not MERS. MERS is incorporated in Delaware, not California, and is not affiliated with the "Mortgage Electronic Registration Systems" entity that was purportedly served. Indeed, MERS obtained

---

[1] In the *Brosnan* opinion, the Honorable Judge Claudia Wilken explained the matter as follows: "On June 19, 2009, Mr. Brosnan contacted Joseph Patry, in-house counsel for MERSCORP who also serves as counsel for Plaintiff MERS, claiming that he had registered an entity identified as 'Mortgage Electronic Registration Systems Inc.' with the California Secretary of State. . . . Mr. Brosnan stated that he or his entity's agent for service of process had 'accepted' approximately 200 legal documents that were intended for Plaintiff MERS. . . . In addition, he demanded that Plaintiff MERS enter into a fee arrangement with him for forwarding those documents to Plaintiff MERS. . . . On behalf of Plaintiff MERS, Mr. Patry responded by sending Mr. Brosnan a cease and desist letter (by UPS and email) demanding that he cease using Plaintiff MERS' name and that he immediately return any legal documents intended for Plaintiff MERS." *Brosnan*, 2009 WL 3647125, at *1.

an injunction against the "Mortgage Electronic Registration Systems" entity in a trademark infringement action pending in this District.

(Removal Notice ¶ 7 (citing *Brosnan*, 2009 WL 3647125, at *10).)

The Motion does not directly address Plaintiff's failure to serve the correct MERS corporation. Indeed, the Motion avoids discussing the trademark-infringement action altogether. It instead argues that Plaintiff "sued the correct entity" and "filed a proof of service, which states that she served 'Mortgage Electronic Registration Systems Inc.' . . . ." (Motion at 9.)

But the problem for Plaintiff is that even if she "sued the correct entity", she did not serve that entity. (*Id.*) To put a finer point on it, the Delaware corporation and the California entity have nothing in common other than their names, which are the subject of trademark-infringement litigation, and Plaintiff's purported service on the latter does not constitute service on the former.

Plaintiff is therefore not entitled to remand on the basis that MERS failed to consent because its consent was not required in the first place. *See Emrich*, 846 F.2d at 1193 n.1; *Salveson*, 731 F.2d at 1429.

### B. The Motion To Remand Should Be Denied Because The Court Still Has Federal-Question Jurisdiction Over This Action

Plaintiff argues that the Court should remand the action to Superior Court because she dismissed her federal claims by filing the Rule 41(a)(2) Notice. (Motion at 3.) For three reasons, she is wrong.

First, in the Ninth Circuit, the question of whether a district court has federal-question jurisdiction is answered based on the pleading on file at the time of removal; and in this case, Plaintiff does not dispute that her FAC at the time of removal raised questions of federal law.

Second, even if the Court analyzed federal-question jurisdiction based on the FAC *after* removal (*i.e.*, when Plaintiff filed her Rule 41(a)(2) Notice), the Motion would still fail because the Court has not entered an order dismissing her federal claims.

Third, even if the Court dismissed the claims identified in the Rule 41(a)(2) Notice, the Motion would fail because the remaining state-law claims still depend on resolution of questions

arising under federal law. Thus, to the extent Plaintiff is relying on the incorrect argument that the Court lacks federal-question jurisdiction, the Motion should be denied in its entirety.

### 1. Remand Would Be Inappropriate Because The Pleading On File At The Time Of Removal Raised Questions Of Federal Law

The Court's jurisdiction should be determined based upon the pleading on file at the time of removal, and not, as Plaintiff suggests, on her Rule 41(a)(2) Notice. Under Ninth Circuit law, merely dismissing federal claims after removal is not enough to mandate a remand to state court because jurisdiction "must be analyzed on the basis of the pleadings filed at the time of removal without reference to subsequent amendments." *Sparta v. Surgical Corp. v. Nat'l Assoc. of Sec. Dealers, Inc.*, 159 F.3d 1209, 1213 (9th Cir. 1998).

For instance, in *Sparta*, plaintiff's complaint at the time of removal alleged violations of federal law. The *Sparta* plaintiff, however, later argued that an "amended complaint it filed after removal in which most references to [federal] exchange rule violations were deleted" should be considered for the purpose of remanding the action. *Id*. at 1213. The Ninth Circuit, affirming the district court's decision, explained that the amended pleading "is of no moment to us" because a "plaintiff may not compel remand by amending a complaint to eliminate the federal question upon which removal was based." *Id.*; *see also Schaffer v. GTE, Inc.*, 40 Fed.Appx. 552, 554 (9th Cir. 2002) ("Schaffer's subsequent amendment of her complaint to eliminate the federal question did not deprive the district court of jurisdiction over Schaffer's state law claims."); *Southern Pac. Co. v. Haight*, 126 F.2d 900, 903 (9th Cir. 1942) ("Where a case has been properly removed, jurisdiction over it will not be defeated by later changes or developments in the suit, such as changes in citizenship, in parties, in the amount involved, or in the cause of action pleaded.").

Similarly, in a case involving the same issue before this Court, another court held that a plaintiff could not compel remand by voluntarily dismissing federal claims. *Kinder v. Citibank*, 2000 WL 1409762, at *2 (S.D. Cal. Sept. 14, 2000). Unlike *Sparta*, where the plaintiff had filed an amended complaint after remand, the plaintiff in *Kinder* "voluntarily dismissed his federal FDCPA claim" after removal, "possibly in an attempt to defeat this Court's federal question and diversity jurisdiction." *Id.*, at *2. The *Kinder* court explained that "[t]o the extent Plaintiff

voluntarily dismissed his claims for this purpose" of defeating federal question and diversity jurisdiction, "such an attempt would be futile . . . [because] the Court's removal jurisdiction 'must be analyzed on the basis of the pleadings *at the time of removal* without reference to subsequent amendments.'" *Id.* (emphasis in original) (quoting *Sparta*, 159 F.3d at 1213).

Put another way, just as the *Sparta* plaintiff was unable to divest the court of jurisdiction by filing an amended complaint that omitted federal claims, the *Kinder* court held that "Plaintiff likewise cannot divest the Court of subject matter jurisdiction by selectively dismissing claims that formed the basis for removal." *Id.*

This reasoning is not unique to courts in the Ninth Circuit, and has in fact been adopted by the Supreme Court and other circuit courts. *See*, *e.g.*, *Rockwell v. U.S.*, 549 U.S. 457, 474 (2007) ("It is true that, when a defendant removes a case to federal court based on the presence of a federal claim, an amendment eliminating the original basis for federal jurisdiction generally does not defeat jurisdiction."); *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1489 (10th Cir. 1991) ("The error of this argument is its assumption that a party may force remand of an action after its removal from state court by amending the complaint to destroy the federal court's jurisdiction over the action. Instead, the propriety of removal is judged on the complaint as it stands at the time of the removal."); *Behlen v. Merrill Lynch*, 311 F.3d 1087, 1095 (11th Cir. 2002) ("The court had discretion to retain jurisdiction over the state law claims even after Behlen amended the complaint to remove any federal cause of action.").

In this case, Plaintiff does not dispute that her FAC was removable on federal-question grounds. Nor can she. As Defendants explained in their Removal Notice, the FAC raised questions of federal law at the time of removal, including purported violations of the federal Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601, *et seq*. ("RESPA") and Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq*. ("FDCPA"). (*See* Removal Notice ¶¶ 3-4 (citing FAC ¶¶ 95-99, 103-04).) Because she admits that her pleading on file at the time of removal raised questions of federal law, her attempted "post-removal dismissal of [the federal claims] does not divest this Court of federal question jurisdiction" under Ninth Circuit law.

*Kinder*, 2000 WL 1409762, at *2.  Accordingly, her Motion to Remand should be denied.  *See Sparta*, 159 F.3d at 1213; *see also Schaffer*, 40 Fed.Appx. at 554; *Haight*, 126 F.2d at 903.

### 2. The Motion To Remand Is Premature Because The Federal Claims Have Not Yet Been Dismissed

Even if this Court did not apply the Ninth Circuit's analysis, as articulated in *Sparta*, *Schaffer*, *Haight*, and *Kinder*, the Motion would still fail for the simple reason that it is premature.

Plaintiff argues that there is no federal issue because "no federal questions remain" (Motion at 3-4), there is "no mention of a federal regulation in Plaintiff's amended complaint" (*id.* at 6), and "remand is the general rule where there is no federal cause of action" (*id.* at 7). These arguments all assume that Plaintiff's federal claims were dismissed "as of December 29, 2009[,]" when she filed her Rule 41(a)(2) Notice.  (Motion at 3.)  The problem for Plaintiff, however, is that her federal claims have not yet been dismissed.

Such dismissals are not automatic, as "Rule 41(a)(2) requires an order from the court before plaintiffs may dismiss their complaint." *Bader v. Elec. for Imaging, Inc.*, 195 F.R.D. 659, 661 (N.D. Cal. 2000); *see also Perfect 10, Inc. v. CWIE, LLC*, 2004 WL 5486517, at *2 (C.D. Cal. Nov. 9, 2004) ("The primary purpose of requiring a court order for such a dismissal is to prevent voluntary dismissals which unfairly affect the defendant and to permit the imposition of curative conditions.").  Indeed, far from rubber-stamping Rule 41(a)(2) requests, courts will deny such requests where defendants would "suffer some plain legal prejudice as a result" of the requested dismissal. *Manuel v. Shipyard Holdings*, 2001 WL 1382050, at *3 (N.D. Cal. Nov. 5, 2001) (Alsup, J.) (denying Rule 41(a)(2) request).[2]

---

[2] As Defendants explained in their opposition to the Rule 41(a)(2) Notice, dismissal of the federal claims pursuant to the notice would prejudice Defendants' ability to foreclose upon the Property. (Dkt. No. 13); *see also J.A. Fischer v. Zespri Fresh Produce N. Am.*, 2007 WL 2385074, at *9 (E.D. Cal. Aug. 17, 2007) ("prejudice resulting from uncertainty over title to land is also a valid consideration") (citing *Ferguson v. Eakle*, 492 F.2d 26, 29 (3d Cir. 1974)).  In particular, if allowed to voluntarily dismiss her federal claims in a thinly veiled attempt to have this action remanded to state court, Plaintiff would effectively extend the duration of her litigation and the Lis Pendens she recorded with the Monterey County Recorder's Office.  (*Id.*)  By doing so, she would continue to ensure that title to the Property remains unmarketable, making it impossible for Defendants to sell the Property at a trustee's sale.  (*Id.*)  Thus, Defendants would "suffer some plain legal prejudice as a result" of the requested dismissal.  *Manuel*, 2001 WL 1382050, at *3.

In this case, the Court has not yet ruled on Plaintiff's Rule 41(a)(2) Notice, or on Defendants' opposition to the notice. Plaintiff's federal claims have therefore not been dismissed, and were certainly not dismissed at the time she filed her Motion to Remand. Because the federal claims are still pending, Plaintiff's Motion is premature and should be denied.[3]

### 3. Remand Would Be Inappropriate Because Even If The Rule 41(a)(2) Notice Is Approved, The FAC Still Raises Questions Of Federal Law

Even if the Ninth Circuit's *Sparta* standard did not apply (it does), and the Court approved the Rule 41(a)(2) Notice (it has not), the Motion to Remand would still fail because the remainder of the FAC requires resolution of matters arising under federal law.

Plaintiff argues that since she deleted paragraphs 95-99 and 103-104 from the FAC (Rule 41(a)(2) Notice at 1-2), this Court may no longer exercise its jurisdiction over the matter because "all the causes of action pleaded by Plaintiff derive from state law controversies." (Motion at 6.) This is simply not the case:

> Even though a state law creates [a party's] causes of action, its case might still "arise under" the laws of the United States if a well-pleaded complaint establishes that its right to relief requires resolution of a substantial question of federal law.

*City of Chicago v. International College of Surgeons*, 522 U.S. 156, 164 (1997) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 7-12, 103 S. Ct. 2841 (1983)); *see also Stone v. Stone*, 632 F.2d 740 (9th Cir. 1980), *cert. denied sub nom. Seafarers Int'l Union, Pacific District-Pacific Maritime Ass'n Pension Plan v. Stone*, 453 U.S. 922 (1981).

For instance, in *Stone*, the Ninth Circuit upheld the district court's exercise of jurisdiction over a case that was removed from state court because although plaintiff did not assert a cause of action under a federal law, and did not seek a federal remedy, her claim arose under federal law because the construction or effect of the Employee Retirement Income Security Act ("ERISA")

---

[3] In any event, irrespective of whether Rule 41(a)(2) requires an order from the Court, Plaintiff has not followed the appropriate procedure for amending her pleading. Rather than seek dismissal under Rule 41(a) (which refers to "Dismissal of Actions"), Plaintiff should have requested leave to file a second amended complaint under Rule 15(a). *See Gahagan v. North Carolina Highway Patrol*, 2000 WL 33946065, at *2 (W.D.N.C. Oct. 25, 2000) ("Rule 41 . . . speaks only to the dismissal of 'actions.' Plaintiff does not seek, at this juncture, to dismiss his entire action; rather, . . . he wishes to dismiss certain claims within this action and to proceed in state court on other claims within the same action. Rather than a Rule 41 dismissal, the Plaintiff should seek to amend his complaint by meeting the requirements of Rule 15.").

was a necessary ingredient of the asserted entitlement. *Stone*, 632 F.2d at 744-45. Put another way, where an amended pleading asserts an overtly state-law claim that raises questions of federal law, it is appropriate for a district court to exercise federal-question jurisdiction. *See id.*

In this case, Plaintiff's FAC currently asserts overtly federal claims, which obviously raise questions of federal law. However, even if Plaintiff is allowed to strike certain paragraphs from her FAC, as she requests in the Rule 41(a)(2) Notice, her FAC would still raise questions of federal law that the Court would have to resolve. In particular, Plaintiff is asserting theories of liability under the guise of two state-law claims for "declaratory relief" and "unfair competition", which although styled as state-law causes of action, raise questions of federal law.[4]

### a.     The Declaratory Relief Claim Raises Questions Of Federal Law

Plaintiff's "declaratory relief" claim depends on the alleged existence of "[a]n actual controversy" between the parties. (FAC ¶ 106.) But the "actual controversy" alleged in the FAC is based on federal violations, including Defendants' purported: (1) "failure to comply with RESPA as more particularly alleged in paragraph 41"; and (2) insistence that they "are not required to respond to Plaintiff's Notices under RESPA, or that they have responded to such notices, or that they are not subject to said law." (*Id.* ¶ 43 (describing purported "actual controversy [that] has arisen and now exists").) She also relies on RESPA violations elsewhere in her FAC as a basis for relief, claiming that "[i]n violation of RESPA and the other statutes cited in Plaintiff's demands, said Defendants have failed to respond to said notices by Plaintiff and have failed to respond to all other communications and inquiries by Plaintiff." (*Id.* ¶ 42.)

---

[4] Plaintiff cites the Supreme Court's decision in *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005), for the proposition that "[b]ecause the *entire case* turned on the interpretation of the federal statute, the interpretation of federal law was 'essential' to the case." (Motion at 4-5 (emphasis in original).) She then argues that "[i]n the case at bar, all the causes of action pleaded by Plaintiff derive from state law controversies." (*Id.* at 6.) Put another way, Plaintiff is suggesting that unless the entire case turns on federal claims, federal law is not essential and the case may be remanded. This is simply not the law. *See supra* § II(B)(3); *City of Chicago*, 522 U.S. at 164 (state law claim may still arise under federal law). Plaintiff also cites *Grable* for the proposition that even if a federal question exists, an action may be remanded if retention would disturb the "balance" between the federal and state judiciaries. (Motion at 6.) Other than citing a collection of cases, however, Plaintiff offers no analysis or showing that the "balance" would be disturbed if this Court retains jurisdiction over the current action. As such, Plaintiff's reliance on *Grable* is inapposite and should be disregarded.

Because the declaratory-relief claim is based on alleged violations of federal law, this Court may exercise federal-question jurisdiction "despite the fact that Plaintiff is not on the face of her complaint" asserting violations of an overtly federal nature. *Brogan v. Apple Computer*, 1996 WL 88853, at *3 (N.D. Cal. Feb. 27, 1996); *see also Stone*, 632 F.2d at 744-45.

### b. The UCL Claim Raises Questions Of Federal Law

Plaintiff admits that her "unfair competition" claim is based on federal violations. Mere days after Plaintiff filed her Rule 41(a)(2) Notice to dismiss her federal causes of action, she filed a brief explaining that "Plaintiff seeks to plead any violations of federal law as a California Business and Professions Code § 17200 claim under the 'illegality' prong, which is her right as a litigant and a citizen of the State of California." (Dkt. No. 15, at 4.) Put another way, she intends to pursue federal violations in the guise of a state-law UCL claim. As such, even if it is "her right as a litigant" to raise federal questions as state-law claims (*id.*), she should not be allowed to eviscerate federal-question jurisdiction by doing so. *See Stone*, 632 F.2d at 744-45; *Brogan*, 1996 WL 88853, at *3.[5]

### C. The Factors Considered By The Ninth Circuit Counsel Toward Retaining Jurisdiction Over The Remaining Claims

In addition to the reasons set forth above, Plaintiff's Motion fails for the separate reason that the factors considered by courts in the Ninth Circuit—"judicial economy, convenience, fairness, and comity"—all counsel toward retaining jurisdiction over the claims in this case. *Satey v. JPMorgan Chase & Co.*, 521 F.3d 1087, 1091 (9th Cir. 2008) (quoting *Carnegie-Mellon*

---

[5] In addition, Plaintiff's claims are preempted by federal law. She asserts that "Defendants' advertising" violated the UCL and that Defendants are liable for unspecified conduct under the Rosenthal Fair Debt Collection Practices Act ("RFDCPA"). (FAC ¶¶ 101, 104.) The FAC does not contain any factual substance, however, making it impossible to identify the conduct being challenged in connection with the UCL or RFDCPA, or the defendant against whom the claims are being asserted. Presumably, the conduct relates to terms of credit, disclosure, origination, or servicing of Plaintiff's mortgage, all of which would be preempted by either the federal Home Owners Loan Act ("HOLA") or the federal National Bank Act ("NBA"). *See, e.g., Zlotnik v. U.S. Bancorp*, 2009 WL 5178030, at *6 (N.D. Cal. Dec. 22, 2009) (dismissing claims with prejudice as preempted under NBA because the "OCC interprets the preemptive scopes of the [NBA] and HOLA as having the same effect"); *Curcio v. Wachovia Mortgage Corp.*, 2009 WL 3320499, at *6 (N.D. Cal. Oct. 14, 2009) (dismissing claims under Civil Code Section 2923.6, RFDCPA, and UCL with prejudice as preempted by HOLA); *Murillo v. Lehman Brothers Bank FSB*, 2009 WL 2160578, at *5 (N.D. Cal. July 17, 2009) (dismissing claim under Civil Code Section 2923.5 with prejudice as preempted by HOLA).

*Univ. v. Cohill*, 484 U.S. 343, 351 (1988)); *Harrell v. 20th Century Ins. Co.*, 934 F.2d 203, 205 (9th Cir. 1991) (same).

For instance, in *Harrell*, plaintiffs filed federal RICO claims in state court, and then stipulated to their dismissal after defendant removed the action to federal court and briefed the RICO claims on a motion to dismiss. *Id.* at 205. The Ninth Circuit held that, under those circumstances, "the interests of 'economy, convenience, fairness and comity' . . . indicate that the district court properly exercised its discretion to retain jurisdiction over the state-law claims in this case." *Harrell*, 934 F.2d at 205.

In this case, as in *Harrell*, the interests of "economy, convenience, fairness and comity" would be served if the Court retained jurisdiction over the claims in this matter.

First, with regard to "fairness and comity," Plaintiff's conduct suggests that she is manipulating the forum rules by stripping her FAC of any reference to federal laws solely for the purpose of remanding this action to Superior Court. Indeed, Plaintiff filed her Motion to Remand just a few hours after filing her Rule 41(a)(2) Notice, and relies heavily on her mistaken belief that she "has dismissed all specifically pled federal claims as of December 29, 2009[,]" *i.e.*, the day she filed her Rule 41(a)(2) Notice and Motion to Remand. (Motion at 3.) In other words, Plaintiff is trying to divest the Court of jurisdiction, not streamline the litigation.

Further, unlike other cases where remand may have been appropriate, this is not a case where "a plaintiff did not initially realize that his complaint would be construed as containing federal subject matter"; nor is this a case where "a particular plaintiff may seek to avoid a federal venue but *also* has *other, substantive* reasons to alter his pleadings." *Payne v. Parkchester North Condominiums*, 134 F. Supp. 2d 582, 586-87 (S.D.N.Y. 2001) (discussing tests for "Intentional Manipulation" and "Prejudice, Resource-Wasting & Untimeliness"). Rather, this is a case where "plaintiffs must have known that they were advancing federal claims, for they invoked" federal laws in multiple "logical places in their complaint. In so doing, they risked removal." *Id.*; *see also Harrell*, 934 F.2d at 205; *Satey*, 521 F.3d at 1091 ("We hold that the district court did not abuse its discretion by retaining supplemental jurisdiction over the remaining state law claim.").

Second, with regard to judicial economy and convenience, the parties and the Court have already invested substantial time and resources in this matter, and will continue to do so. For instance, Defendants in this action have already fully briefed a motion to dismiss, and have (at the Court's instruction) recently submitted a motion for summary judgment, which is set for hearing on March 4, 2010. (*See* Dkt. Nos. 5, 6, 10, 14, 17-22.) Defendants have also prepared oppositions to various requests by Plaintiff, including her *ex parte* motion to "correct the record" and her Rule 41(a)(2) Notice. (*See* Dkt. Nos. 7,8, 11, 13, 15.)

The Court has also invested substantial time and resources in this matter, as it has had to review the parties' numerous pleadings and motions, and in the near future, will also have to review and rule on Defendants' motion for summary judgment. Because the Court and the parties have expended considerable time and resources litigating and resolving issues (and will continue to do so), the factors of judicial economy and convenience weigh in favor of retaining jurisdiction over the claims. *See Satey*, 521 F.3d at 1091 ("Judicial economy and convenience to the parties were better accommodated by retaining the state law claim at that juncture, and the district court did not abuse its discretion by so doing.") (citing *Carnegie-Mellon*, 484 U.S. at 350-51).

## III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiff's Motion to Remand in its entirety.

DATED: February 4, 2010

Respectfully submitted,

SEVERSON & WERSON
A Professional Corporation

By: _/s/ Kalama M. Lui-Kwan_
      Kalama M. Lui-Kwan

Attorneys for Defendants
Countrywide Home Loans, Inc. (d/b/a America's Wholesale Lender), BAC Home Loans Servicing, LP (f/k/a Countrywide Home Loans Servicing L.P.), ReconTrust Co., N.A., Bank of America, N.A., and Bank of New York Mellon f/k/a The Bank of New York as Trustee