1 Michael Patrick Rooney (SBN. 248491)
2 MICHAEL ROONEY LAW OFFICE
580 California St. Fl. 16
3 San Francisco, CA 94104
Tel: (415) 533-0282
4 Fax: (415) 704-3321
5
6 Attorney for Plaintiff
PETRA A. MARTINEZ
7

8 UNITED STATES DISTRICT COURT

9 NORTHERN DISTRICT OF CALIFORNIA

10

11

| | |
|---|---|
| 12 PETRA A. MARTINEZ, | CASE NO.: 3-09-CIV-5630WHA |
| 13              Plaintiff, | **PLAINTIFF PETRA A. MARTINEZ'S** |
| 14 | **MEMORANDUM IN OPPOSITION TO** |
| v. | **DEFENDANTS' MOTION FOR** |
| 15 | **SUMMARY JUDGMENT** |
| 16 AMERICA'S WHOLESALE LENDER, *Et al.*, | |
| 17 | Department: 450 Golden Gate Ave. |
| 18              Defendants. |            San Francisco, CA 94102 |
| |            Courtroom 9, 19th Floor |
| 19 | Judge: Hon. William Alsup |

20

21

22

23

24

25

26

27

28

29

30

*Sidebar (vertical):* MICHAEL ROONEY LAW OFFICE
580 California Street Fl. 16
San Francisco, CA 94104

**PLAINTIFF PETRA A. MARTINEZ'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOITON FOR SUMMARY JUDGMENT**

### INTRODUCTION
**Defendant's Motion Does not Comply with the Court's Order and therefore the motion should be DENIED.**

On January 14, 2010, at 8:00 O'clock a.m., the court ordered the Defendants to "lay out in the documents - why it is that...this was all done perfectly right and who has the original paper . . . just trace it through.  You ought to be able to trace it through, who has the original note and all that." Request For Judicial Notice Ex. 1 p. 3 Lines 6-10.  (Hereinafter, "RNJ Ex. ___").  The honorable court explained its rationale: "I'm not going to let a stranger come in and take her house... You got to prove it....file the summary judgment motion and prove it up."  *Id*. at 15-19.

In the concurrently filed Objection to Evidence, Plaintiff demonstrates that the declaration of Michael Cerchio, which is the one filed in direct response to this part of the court's order, is in violation of the statute of frauds, the best evidence rule, FRCP 56, and local rule 7-5(b) in that it purports to lay out the chain of title here not in the documents, but with a declaration making numerous references to the existence of documents which are not attached to the declaration. The Defendants' motion should be DENIED.

**PLAINTIFF PETRA A. MARTINEZ'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOITON FOR SUMMARY JUDGMENT**

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

# TABLE OF CONTENTS

Counter Statement of Issues     8

**I. THE MOTION IS IMPROPER AND THEREFORE SUMMARY JUDGMENT MAY NOT BE HAD.**     9

**1. Defendant's Motion Does not Comply with FRCP Rule 56 and therefore the motion should be DENIED.**     9

**2. The Motion Does Not Comply with Local Rule 7-5(b) and Therefore Summary Judgment should be DENIED.**     10

**II. ALL OF DEFENDANTS' EVIDENCE IS INADMISSIBLE AND THEREFORE SUMMARY JUDGMENT MAY NOT BE HAD.**     10

**III. THE DEFENDANTS REPEATEDLY MISSTATE THE LAW AND DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT.**     11

**1. Quiet Title Actions Do Not Require Tender Where Nothing is Owed.**     11
**2. Tender May Be Made After Judgment.**     11
**3. Defendants Need Interest in a Note Secured by a Deed of Trust in order to Have a Right to Foreclose.**     12
*a. Defendants' own PSA requires the original note for authority to take effect.*     12
*b. The UCC applies to the PRE-Default Note transfer Activities Alleged by the Defendants.*     14
*c. Under Long-Standing California Law, the Path of the Note is the Path of the Mortgage (and sale rights with it).*     19
*d. Civil Code § 2924 Provides a Procedural Framework without Addressing Substantive Issues Whatsoever.*     20
**4. Defendants misstate their duties under Civil Code § 2923.5.**     20
**5. Defendants Misstate the Standard for Plaintiff's BPC 17200 Claim.**     23
**IV. MATERIAL FACTS REMAIN IN DISPUTE AFTER THE MOTION**     24

**1) There is a genuine issue of material fact related to Plaintiff's receipt of copies at closing pursuant to TILA, as prosecuted under Plaintiff's BPC §17200 cause of action.**     24

**2) There is a genuine issue of material fact related to required contact under Civil Code § 2923.5 prior to Defendants' recording the Notice of Default which falls under Plaintiff's wrongful foreclosure cause of action.**     24

**3) There is a genuine issue of Material Fact related to the mailing of notices pursuant to 2924 *et seq.*, which falls under Plaintiff's wrongful foreclosure cause of action.**     25

**4) The credibility of Defendants' witnesses, if their testimony is to be allowed, is brought into question and such is a question for a jury, not a judge. *Entrepreneur Media V. Smith* (9th Cir. 2002). This relates to all causes of action.**     25

**V. UNDER THE UNDISPUTED FACTS AND THE APPLICABLE LAWS, MS. MARTINEZ SHOULD PREVAIL.**     26

**PLAINTIFF PETRA A. MARTINEZ'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOITON FOR SUMMARY JUDGMENT**

**1.  The Court Should Grant Summary Judgment in Favor of Petra Martinez on the Cause of Action for Wrongful Foreclosure.**                                                                           26

*a. Defendants Had No Right to Foreclose*                                                                        26

*b. The Trustee was Substituted as of 5/4/09, whereas the Notice of Sale was Sent (with an Affidavit of Mailing) on 4/30/2009, in violation of 2924.*                                                            27

**A. Strict compliance was not followed.**                                                                       27

*i. Service of the NOD was premature*                                                                            27

*ii. Service of the Notice of Substitution of Trustee was defective.*                                             28

*iii. Service of the NOTS was defective.*                                                                        29

*iv.  None of the Purported "Agents" Produced A Single Agency Agreement.*                                         29

**B. Defendants should be ordered to start over from scratch if they can ever prove their debt and or interest.**                                                                                          29

**2. The Court Should Grant Summary Judgment in Favor of Petra Martinez on the Cause of Action for Quiet Title Because There Are No Issues of Material Fact as to the Interests of the Parties.**                                                                                                  29

**3. The Court Should Grant Summary Judgment in Favor of Petra Martinez on the Cause of Action for 17200.**                                                                                           30

**<u>CONCLUSION</u>**                                                                                             31

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

**PLAINTIFF PETRA A. MARTINEZ'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOITON FOR SUMMARY JUDGMENT**

## TABLE OF AUTHORITIES

**Cases**

*Wang v. Massey Chevrolet*, 97 Cal.App.4th 856 ...................................................................30

*Alliance Mortgage Co. v. Rothwell* (1995) 10 Cal. 4th 1226 .........................................17

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 424, 250 (1986) ..........................................10

*Anderson*, 477 U.S. at 255-56 ..............................................................................................25

*Backus v. Sessions*, 17 Cal.2d 380 (1941) .........................................................................12

*Bank of America v. La Jolla Group II*,129 Cal.App.4th 706 (2005) .............................16

*Bishop v. Chase* (1900) 156 Mo. 158, 56 S.W. 1080 .....................................................17

*California Golf, L.L.C. v. Cooper*, 163 Cal. App. 4th 1053 ............................................18

*Celotex Corp. v. Catrett,* 477 U.S. 317 (1986). ...............................................................10

*Domarad v. Fisher & Burke, Inc.*, 270 Cal.App.2d 543 (1969) .....................................19

*Huckell v. Matranga* 99 Cal.App.3d 471 (1979) ...............................................................16

*Johnson v. Razey, et al.* 184 P. 657 (Cal Sup. Ct. 1919) ................................................19

*Kelley v. Upshaw,* 246 P.2d 23 (Cal. Sup. Ct. *en banc* 1952) .....................................19

*Masson*, 501 U.S. at 520 ........................................................................................................25

*Moeller*, 25 Cal. App. 4th 834 ..................................................................................15, 18

*Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1117. 1183 (N.D. Cal 2009)..........11

*Pribus v. Bush* 118 Cal.App.3d 1003.....................................................................................16

*Santens v. Los Angeles Finance Co.*, 204 P.2d 619 (1949) ...........................................19

*Sartor v. Ark. Natural Gas Corp.*, 321 U.S. 620, 628-29 ............................................25

*Security Pacific National Bank v. J. Thomas Chess* et al., 58 Cal. App.3d 555 (1976) .................19

*Suzuki Motor Corp. v. Consumers Union of U.S.*, 330 F.3d 1110 (9th Cir., 2003) ..........................25

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

**PLAINTIFF PETRA A. MARTINEZ'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOITON FOR SUMMARY JUDGMENT**

*Thornton v. Stevenson*, 185 Cal. App. 2d 708, 713 (Cal. App. 1960) ...............................30

*Typeright Keyboard Corp. v. Microsoft Corp.*, 374 F.3d 1151 (Fed. Cir., 2004) ...........................25

*United States v. Butner*, 440 U.S. 48, 54-55 (1979). ..........................................17

*US Bank v Ibanez* (Misc. Case No.384283)........................................26

*Wilson v. Steele*, 211 Cal.App.3d 1053 (1989) .........................................19

Statutes

15 U.S.C. § 1635 ..................................................................23

15 U.S.C. § 1635a .................................................................23

15 USCS 1541(f)(2) ...............................................................30

Cal Bus. Prof. Code § 17200 .............................................22, 24, 30

Cal. Civ. Code § 1189 ..............................................................16

Cal. Civ. Code § 1624(f) ...........................................................15

Cal. Civ. Code § 2923.5 ....................................................8, 20, 24, 27

Cal. Civ. Code 2924...........................................................passim

Cal. Civ. Code § 2924.3 ............................................................28

Cal. Civ. Code § 2924b ............................................................28

Cal. Civ. Code § 2924h ............................................................18

Civil Code § 2934a .........................................................16, 28

Cal. Civ. Code § 2936 ........................................................15, 19

Cal. Code Civ. Proc. § 761.020 .....................................................30

Cal. Comm. Code § 3301 .....................................................15, 18

Cal. Comm. Code § 3302 ..........................................................16

Cal. Comm. Code § 3312 ..........................................................18

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

6

**PLAINTIFF PETRA A. MARTINEZ'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOITON FOR SUMMARY JUDGMENT**

F. R. Civ. P. 56...............................................................................................9, 10

Local Rule 7-5(b)...............................................................................................10

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

**PLAINTIFF PETRA A. MARTINEZ'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOITON FOR SUMMARY JUDGMENT**

**COUNTER STATEMENT OF ISSUES**

1) Have defendants submitted admissible evidence demonstrating that no triable issues of fact exist with respect to their purported right to take Ms. Martinez property via foreclosure?

2) Is a Complete Chain of title required to establish the rights of a purported successor in interest?

3) Is Interest in a mortgage against real property (i.e., a note and deed of trust) required to foreclose on said real property under California Civil Code 2924?

4) Is strict compliance required to conduct a sale under California Civil Code 2924 (inclusive of Civil Code 2923.5)?

5) Can California's Tender Rule possibly apply to strangers to whom the plaintiff owes no debt?

**PLAINTIFF PETRA A. MARTINEZ'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOITON FOR SUMMARY JUDGMENT**

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

## Memorandum

## I. THE MOTION IS IMPROPER AND THEREFORE SUMMARY JUDGMENT MAY NOT BE HAD.

### 1. Defendant's Motion Does not Comply with FRCP Rule 56 and therefore the motion should be DENIED.

FRCP Rule 56 at (e)(1) provides:

A supporting or opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. <u>If a paper or part of a paper is referred to</u> in an affidavit, <u>a sworn or certified copy must be attached to or served with the affidavit</u>. The court may permit an affidavit to be supplemented or opposed by depositions, answers to interrogatories, or additional affidavits. [Emphasis Added].

Here, every single witness is interested, none have personal knowledge of any facts alleged in any of their declarations, and none have any basis for authenticating the papers they present. Moreover, the papers attached to them, where Defendants attached the papers they were referring to, were not (properly) sworn or certified.  Finally, the *most important declaration of them all* - that of Mr. Cerchio in response to the court's order to "lay out [the chain of title to the original note] in the papers" blatantly refers to numerous papers which are neither attached to or served with it. *See*: Rule 56(e)(1).

RULE 56 further provides at (g): If satisfied that an affidavit under this rule is submitted in bad faith or solely for delay, the court must order the submitting party to pay the other party the reasonable expenses, including attorney's fees, it incurred as a result. An offending party or attorney may also be held in contempt.  This would not be the first time that Countrywide attempted to "game" the legal system.  In January 2008, Countrywide was shown to have fabricated loan closing documents in a Pennsylvania bankruptcy case to facilitate its claim for $47,000.00.  RNJ Exh. 6.

**PLAINTIFF PETRA A. MARTINEZ'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOITON FOR SUMMARY JUDGMENT**

**2. The Motion Does Not Comply with Local Rule 7-5(b) and Therefore Summary Judgment should be DENIED.**

L.R. 7-5(b) provides: "An affidavit or declarations may contain only facts, must conform as much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument. Any statement made upon information or belief must specify the basis therefor. An affidavit or declaration not in compliance with this rule may be stricken in whole or in part."

For reasons set forth in the concurrently filed Plaintiff's Objections to Evidence in Support of Defendant's Motion for Summary Judgment, the court should strike the declarations of Kalama Lui-Kwan, Michael Cerchio, Eva Tapia, and George Merziotis from the record for failure to state the basis for their "understandings" which were clearly made on information and belief, and which do not comply with FRCivP 56(e), and which contain legal conclusions not based on fact. (For example, *see* Eva Tapia's "understanding" that Petra Martinez "defaulted on the note" at lines 11-12 of paragraph 2 therein without sufficient factual basis to analyze whether a "default" had truly occurred, who owned the note, etc.).

**II. ALL OF DEFENDANTS' EVIDENCE IS INADMISSIBLE AND THEREFORE SUMMARY JUDGMENT MAY NOT BE HAD.**

Plaintiff Petra Martinez hereby reasserts her objections to evidence submitted concurrently with this opposition.

*Anderson v. Liberty Lobby, Inc.,* 477 U.S. 424, 250 (1986) holds that summary judgment is appropriately granted where there are no issues of material fact.  The moving party is entitled to present declarations in support of its motion, which would establish the material facts needed to adjudicate claims under the law. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986).  But here, because Defendants have not met their burden of proof on any matter before the court, it would be improper

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

**PLAINTIFF PETRA A. MARTINEZ'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOITON FOR SUMMARY JUDGMENT**

to grant the motion.  The court should deny the motion, and to the extent appropriate, grant

summary judgment for Plaintiff Petra Martinez. *See:* Section V, Infra.

### III. THE DEFENDANTS REPEATEDLY MISSTATE THE LAW AND DEFENDANTS ARE NOT ENTITLED TO SUMMARY JUDGMENT.

Defendants' arguments, rather than focusing on the particular issues of the case, attempt to

paint broad strokes which hope to create an impossibility for any homeowner to ever sue a stranger

for wrongfully foreclosing.  The court should look to each issue individually and apply the law as it

is written and has been interpreted by the courts.

**1.  Quiet Title Actions Do Not Require Tender Where Nothing is Owed.**

Defendants offer that "[Plaintiff] lacks standing to pursue any of her claims because she has

not complied with California's tender rule," citing to *Pantoja v. Countrywide Home Loans, Inc.*, 640

F.Supp.2d 1117. 1183 (N.D. Cal 2009).  However, as made quite evident from the quotation offered

by the defendants, this principal only applies in certain actions "to set aside a trustee's sale."  There

has been no such sale in this case.  *Pantoja* doesn't apply.

Moreover, Defendants also seem to miss the quite obvious requirement of their own

standing to demand tender.  Consider, if Plaintiff does not owe Defendant anything, and Defendant

records a fraudulent interest in her property, then she may rightfully sue for quiet title without

"tendering" a cent: there is nothing to tender.  Here, defendants had a chance to offer evidence in

support of their standing to demand tender, and have failed to do so.  The principle simply does not

apply to this case.

**2.  Tender May Be Made After Judgment.**

Even in the event that Defendants *can* produce evidence of their standing to demand a

tender from Plaintiff, here, Plaintiff has made a viable offer of tender.  Defendants argue that

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

Plaintiff should mail them a check prior to the determination of the court matter.  This is not what the California Supreme Court holds.   In *Backus v. Sessions*, 17 Cal.2d 380 (1941), the California Supreme Court held that the ability to tender existed where the debtor had convertible assets and the mere ability to borrow. *Id.* at 389-90.  Hence, in the case that Plaintiff's legal rights against the defendants are established, then refinancing her home to pay tender to anyone so entitled satisfies the requirement.  Defendants' Motion for Summary Judgment should be DENIED, as should its Motion to Dismiss.

**3.   Defendants Need Interest in a Note Secured by a Deed of Trust in order to Have a Right to Foreclose.**

The defendants argue that they do not need a demonstrable interest in the property to foreclose, and that California's laws create a loophole through which BONY may foreclose on any house it likes.   However, for the reasons set out below, the defendants argument is both without merit and disingenuous to its own assertions of fact.

*a. Defendants' own PSA requires the original note for authority to take effect.*

The first most obvious problem with defendant's argument that "it does not need a Note" is that its own Pooling and Servicing Agreement requires:

(c) In connection with the transfer and assignment set forth in clause (b) above, the Depositor has delivered or caused to be delivered to the Trustee (or, in the case of the Delay Delivery Mortgage Loans, will deliver or cause to be delivered to the Trustee within thirty (30) days following the Closing Date) for the benefit of the Certificateholders the following documents or instruments with respect to each Mortgage Loan so assigned:

(i) (A) the original Mortgage Note endorsed by manual or facsimile signature in blank in the following form: "Pay to the order of _____ without recourse," *with all intervening endorsements showing a complete chain of endorsement from the originator to the Person endorsing the Mortgage Note (each such endorsement being sufficient to transfer all right, title and interest of the party so endorsing, as noteholder or assignee thereof, in and to that Mortgage Note)*;   [Emphasis added.]

RJN Exhibit 3 pp. 43-44.

**PLAINTIFF PETRA A. MARTINEZ'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOITON FOR SUMMARY JUDGMENT**

Even if the UCC would not ordinarily apply in all cases involving negotiable instruments, (which it does), in this case, Defendant's own PSA adapts the UCC chain-of-title requirements expressly. The court must note that the same PSA is what Defendant Bank of New York claims gives it the right to proceed.  (*See*: noncompliant Declaration of Michael Cerchio, Paragraph 5).

Nor is this some minor detail. Below, on page 46, the PSA provides:

> Notwithstanding anything to the contrary in this Agreement, within thirty  (30) days after the Closing Date with respect to the Mortgage Loans, Countrywide (on its own behalf and on behalf of Park Granada, Park Monaco and Park Sienna) shall either (i) deliver to the Depositor, or at the Depositor's direction, to the Trustee or other designee of the Depositor the Mortgage File as required pursuant to this Section 2.01 for each Delay Delivery Mortgage Loan or (ii) either (A) substitute a Substitute Mortgage Loan for the Delay Delivery Mortgage Loan **or (B) repurchase the Delay Delivery Mortgage Loan, which substitution or repurchase shall be accomplished in the manner and subject to the conditions set forth in Section 2.03 (treating each Delay Delivery Mortgage Loan as a Deleted Mortgage Loan for purposes of such Section 2.03)**; provided, however, that if Countrywide fails to deliver a Mortgage File for any Delay Delivery Mortgage Loan within the thirty (30)-day period provided in the prior sentence, Countrywide (on its own behalf and on behalf of Park Granada, Park Monaco and Park Sienna) **shall use its best reasonable efforts to effect a substitution, rather than a repurchase of**, such Deleted Mortgage **Loan** and provided further that the cure period provided for in Section 2.02 or in Section 2.03 shall not apply to the initial delivery of the Mortgage File for such Delay Delivery Mortgage. [Emphasis added]. *Id.* at 46.

Therefore, the court must require evidence that Countrywide transferred the Note and Mortgage into the alleged trust to begin with.  Without any evidence of such transfer, much less proper evidence of a proper transfer, and with this language about mandatory "repurchases" being applicable between the defendant parties claiming interest (as against BONY in particular), the record does not clearly establish that BONY or the Pass-Through Trust has an interest in the mortgage, note, or Subject Property.

One more necessary link in the chain is evidence that "Countrywide Home Loans, Inc." had acquired the loan from "America's Wholesale Lender, a New York Corporation," in the first place.

**PLAINTIFF PETRA A. MARTINEZ'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOITON FOR SUMMARY JUDGMENT**

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

(*See:* Parties to Note, Deed of Trust, where the Note and DOT are clearly executed in favor of "America's Wholesale Lender, a New York Corporation"). Without evidence of a transfer from AWL to Countrywide Home Loans, Inc., ALL of the evidence offered by the Defendants in support of their motion is irrelevant, because without any right title or interest, none of these other documents have probative value to the issues before the court. *See*: Concurrently Submitted Objections to Evidence: conditional relevance objections.

Necessary for determination of CHL Mortgage Pass Through Trust's alleged interest are evidences of: 1) a transfer from AWL, Inc. (NY) to Countrywide Home Loans, Inc., 2) from Countrywide Home Loans, Inc. to CWMBS, Inc., and 3) from CWMBS, Inc. to the CHL Mortgage Pass Through Trust 2006-HYB4. This is not an inclusive list of evidence required from the Defendants in support of their motion, but suffices as a gateway requirement which has not been met.

   b. *The UCC applies to the PRE-Default Note transfer Activities Alleged by the*
   *Defendants.*

Defendants' memorandum seeks to persuade the court using slip opinions of district court judges vs. long line of California appellate decisions. The California Supreme Court has not addressed the question of whether the UCC is usurped by Civil Code § 2924, but it is highly likely they would not make such a finding. The District Court must apply "California Law as we believe the California Supreme Court would apply it." *In re KF Dairies, Inc. & Affiliates*, 224 F.3d 922, 924.

In such inquiries, the existence and rationale of numerous long-standing California appellate decisions are more persuasive to the court than are a string cite of recent District Court slip opinions, though neither are precedential. Principles of *stare decisis* and state interest come into

14

**PLAINTIFF PETRA A. MARTINEZ'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOITON**
**FOR SUMMARY JUDGMENT**

play.  The legal argument provided by the Defendants lacks persuasiveness on the issues before the court, though it does include a heavy dose of railing against Plaintiff's counsel personally for continuing to argue the position more likely to be held by the California Supreme Court, rather than defendant's own position.  Suffice it to say that the issue remains divided, and "the pen is still writing."

Defendant's primary argument in favor of summary judgment and its renewed motion to dismiss is that Civil Code § 2924 prevents any inquiry, through any type of proceeding, into the mortgage rights of an alleged transferee where it has chosen to foreclose, because "civil code 2924 provides a complete framework for nonjudicial foreclosure sales." (Citing *Moeller*, 25 Cal. App. 4th 834).  Basically, whether it has a mortgage or not, says the Defendant, it should get to foreclose on who it wants to, because "producing the note" is not required as a step of non-judicial foreclosure. While the procedural part is correct, and § 2924 does not require "production of the note" for non-judicial sales, the substantive part is incorrect in that *California does not allow strangers to steal people's homes under the color of law.*

Such is not a tenable argument because it would open the floodgates to massive real estate fraud (the likes of which we see today), it could not possibly be the intention of the California Legislature to enable non-judicial foreclosure sales to enable uninterested parties to steal people's houses. Furthermore, this representation of Civil Code § 2924 fails to distinguish the TYPE of statute it purports to be.

From its language, § 2924 is plainly a procedural statute, not a substantive one.  There is no language in Civil Code 2924 describing how mortgages are transferred (*See:* Comm. Code 3301 *et seq.* and Civil Code § 2936), defining a note (*See:* Comm. Code § 3301), defining a deed of trust (*See:* CC § 1624(f), requiring a DOT to be in writing), stating how to replace the trustee (*See:* Civil

**PLAINTIFF PETRA A. MARTINEZ'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOITON FOR SUMMARY JUDGMENT**

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

Code § 2934a), stating recording requirements, notarization requirements (*See:* Civ. Code § 1189), the statute of frauds, or ANYTHING substantive that still applies to mortgagee's rights.

To wit, if someone commits murder during an auction taking place under Civil Code § 2924, that does not automatically mean they are immune from criminal and civil liability. Likewise, Civil Code § 2924 is not the place to look for the law governing substantive mortgage rights.  *Id.*, RJN Ex. 5; *Bank of America v. La Jolla Group II*,129 Cal.App.4th 706 (2005) (holding that powers under a deed of trust are purely contractual in nature);  *Huckell v. Matranga* 99 Cal.App.3d 471 (1979) [Holding that Borrower has right to the original note upon payoff and reconveyance]; *Pribus v. Bush* 118 Cal.App.3d 1003, [the court held that a promissory note executed as security for a deed of trust was rendered non-negotiable because the endorsement by the assignor was not contained on the face of the note, notwithstanding the fact that there was sufficient space on the note to effectuate the assignment.]

Further, the *Pribus* court held at pages 106-107, in pertinent part: California Uniform Commercial Code section 3302, subdivision (1) provides:

> A holder in due course is a holder who takes the instrument (a) For value; and (b) In good faith; and (c) without notice that it is overdue or has been dishonored or of any defense against or claim to it on the part of any person."  In the present case, the trial court did not question defendant's status as a holder in due course because of any failure to satisfy the value, good faith, or no notice requirements. <u>Rather, the court concluded that defendant is not a holder in due course because he is not a holder at all,</u> an essential prerequisite to qualifying as a holder in due course. A holder is "a person who is in possession of … an instrument …, issued or indorsed to him …." *Id* at 1006-1007.

The trial court ruled that the Williams' signature on the paper attached to the promissory note did not qualify as an endorsement because there was adequate space for the endorsement on the note itself.  Further:

**PLAINTIFF PETRA A. MARTINEZ'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOITON FOR SUMMARY JUDGMENT**

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

... Typical of the majority position is *Bishop v. Chase* (1900) 156 Mo. 158, 56 S.W. 1080. There it was held that the general rule is that an instrument could be indorsed only by writing on the instrument itself, but that an exception to the rule allows the use of an attached paper "when the back of the instrument is so covered as to make it necessary." (Id., 156 Mo. 158, 56 S.W. at p. 1083.) Thus, the court invalidated an attempted endorsement by allonge when "there was plenty of room upon the back of the note to have made the endorsement, and the only excuse for not doing so was that it was more convenient to assign it on a separate paper." (Id., 156 Mo. 158, 56 S.W. at p. 1084.)

*Id.* at 1007.

Judge Bufford writes for the UCC committee:

Enforcement of a note always requires that the person seeking to collect show that it is the holder. A holder is an entity that has acquired the note either as the original payor or transfer by endorsement of order paper or physical possession of bearer paper. These requirements are set out in Article 3 of the Uniform Commercial Code, which has been adopted in every state, including Louisiana, and in the District of Columbia. Even in bankruptcy proceedings, State substantive law controls the rights of note and lien holders, as the Supreme Court pointed out almost forty (40) years ago in *United States v. Butner*, 440 U.S. 48, 54-55 (1979).

RJN. Ex. 5 at 2.

Furthermore, in *Alliance Mortgage Co. v. Rothwell* (1995) 10 Cal. 4th 1226, 1231 the California Supreme Court concluded that Civ. Code § 2924 was not exclusive of other substantive laws where a lender who obtained the property with a full credit bid at a foreclosure sale was not precluded from suing a third party who had fraudulently induced it to make the loan. The court concluded that " 'the antideficiency laws were not intended to immunize wrongdoers from the consequences of their fraudulent acts' " and that, if the court applies a proper measure of damages, " 'fraud suits do not frustrate the antideficiency policies because there should be no double recovery for the beneficiary.' " (*Id.* at p. 1238.)

In looking past the comprehensive statutory framework, these other Courts also considered the *policies* advanced by the statutory scheme, and whether those policies would be frustrated by

**PLAINTIFF PETRA A. MARTINEZ'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOITON FOR SUMMARY JUDGMENT**

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

other laws.  Recently, in the case of *California Golf, L.L.C. v. Cooper*, 163 Cal. App. 4th 1053, 78

Cal. Rptr. 3d 153 (Cal. App. 2d Dist. 2008), the Appellate Court held that the remedies of 2924h

were not exclusive.  Of greater importance is that the Appellate Court reversed the lower court and

specifically <u>held that provisions in UCC Article 3 were allowed in the foreclosure context</u>:

> Considering the policy interests advanced by the statutory scheme governing
> nonjudicial foreclosure sales, and the policy interests advanced by Commercial Code
> section 3312, *it is clear that allowing a remedy under the latter does not undermine*
> *the former*. Indeed, the two remedies are complementary and advance the same
> goals. The first two goals of the nonjudicial foreclosure statutes: (1) to provide the
> creditor/beneficiary with a quick, inexpensive and efficient remedy against a
> defaulting debtor/trustor and (2) to protect the debtor/trustor from a wrongful loss of
> the property, are not impacted by the decision that we reach. This case most
> certainly, however, involves the third policy interest: to ensure that a properly
> conducted sale is final between the parties and conclusive as to a bona fide
> purchaser. [Emphasis Added]

This is very significant since it provides further support, four years after *Moeller*, to lawsuits

brought against foreclosing parties lacking the ability to <u>enforce the underlying note</u>, since those

remedies also arise under Article 3.  It could be said that "indeed, the two statutes are

complementary and advance the same goals."

Just like in *California Golf*, enforcing Comm. Code § 3301 operates to protect the

debtor/trustor from a wrongful loss of the property.  To the extent that a foreclosing party might

argue that such lawsuits disrupt a quick, inexpensive, and efficient remedy against a defaulting

debtor/trustor, the response is that "since there is no enforceable obligation,  the foreclosing entity

is not a party/creditor/beneficiary entitled to a quick, inexpensive, and efficient remedy," but simply

a declarant that recorded false documents.

This is primarily because being entitled to foreclose non-judicially under 2924 can only take

place *"after a breach of the obligation for which that mortgage or transfer is a security."* Thus,

**PLAINTIFF PETRA A. MARTINEZ'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOITON**
**FOR SUMMARY JUDGMENT**

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

2924 by its own terms, looks outside of the statute to the actual obligation to see if there was a breach, and if the note is unenforceable under Article 3, there can simply be no breach.

Accordingly, if there is no possession of the note or possession was not obtained until after the notice of sale was recorded, it is impossible to trigger 2924, and simple compliance with the notice requirements in 2924 does not suddenly bless the felony of grand theft of the unknown foreclosing entity.  To hold otherwise would create absurd results since it would allow any person or company the right to take another persons' home by simply recording a false notice of default and notice of sale.

   *c. Under Long-Standing California Law, the Path of the Note is the Path of the Mortgage (and sale rights with it).*

The ownership of the note in this case is of paramount importance, because the true beneficiary under the Deed of Trust is whoever currently owns the note. Cal. Civ. Code § 2936; *Wilson v. Steele*, 211 Cal.App.3d 1053 (1989); *Security Pacific National Bank v. J. Thomas Chess* et al., 58 Cal. App.3d 555 (1976); *Domarad v. Fisher & Burke, Inc.*, 270 Cal.App.2d 543 (1969); *Kelley v. Upshaw*, 246 P.2d 23 (Cal. Sup. Ct. *en banc* 1952); *Santens v. Los Angeles Finance Co.*, 204 P.2d 619 (1949); *Johnson v. Razey, et al.* 184 P. 657 (Cal Sup. Ct. 1919).

Defendant's own version of the facts (argued here and throughout without waiving any part of Objections to Evidence, wholly or individually) attempts to show that the original note was assigned *numerous* times prior to the current foreclosure actions. Under the express statutory language and longstanding caselaw (including decisions of the California Supreme Court), these facts would divest MERS, the purported beneficiary until 2009, of beneficial interest in the Deed of Trust sometime around 2006 (or on the first such transfer), because the Deed of Trust, as readily

**PLAINTIFF PETRA A. MARTINEZ'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOITON FOR SUMMARY JUDGMENT**

established by all relevant caselaw, is worthless without a note, which all Defendants seem to agree that MERS never had.

A deed of trust is a mere security interest on an obligation. *Id.* Without such obligation, a security interest is worth no more than the paper it is written on. In this case, the purported assignment of the DOT to the Bank of New York in 2009, where Plaintiffs have testified that such transfers took place in 2006 (and the terms of the alleged PSA require both transfers in 2006) belies the points defendants are trying to prove, or that "they did everything right." While these inconsistencies might not divest the Defendants of interest were they to prove an obligation to the court (depending on what facts were presented on admissible evidence), their current Motion for Summary Judgment in favor of Defendants must be DENIED.

d. *Civil Code § 2924 Provides a Procedural Framework without Addressing Substantive Issues Whatsoever.*

It stands to reason that if the court seeks to address issues of substantive rights, it should look to laws and decisions which address the issue, rather than a non-conflicting procedural statute which is silent upon it. To wit, if Civil Code § 2924 were meant to govern every issue with respect to the right to enforce a mortgage, why were a total of 0 applicable substantive laws not repealed or replaced by it?? The court's attention must focus on the intent and language of the statute and apply it appropriately, convenient catchphrases like "complete framework" notwithstanding.

**4. Defendants misstate their duties under Civil Code § 2923.5.**

At page 15, lines 11-21 of the Motion for Summary Judgment, Defendants contend that only a declaration of compliance, and not *actual compliance,* is required to satisfy Civil Code § 2923.5. Even if the statute read this way, which it does not, it is an unbelievable argument that this was the

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

**PLAINTIFF PETRA A. MARTINEZ'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOITON FOR SUMMARY JUDGMENT**

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

intention of the legislature, essentially to condone fraud and allow cursory filing of false

declarations to satisfy what is an extensive contact scheme contained in Civil Code § 2923.5.

The requirements of § 2923.5 are:

(2) A mortgagee, beneficiary, or authorized agent <u>shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure. During the initial contact, the mortgagee, beneficiary, or</u> authorized agent shall advise the borrower that <u>he or she has the right to request a subsequent meeting and, if requested, the mortgagee, beneficiary, or authorized agent shall schedule the meeting to occur within 14 days.</u> The assessment of the borrower's financial situation and discussion of options may occur during the first contact, or at the subsequent meeting scheduled for that purpose. <u>In either case, the borrower shall be provided the toll-free telephone number made available by the United States Department of Housing and Urban Development (HUD) to find a HUD-certified housing counseling agency.</u> Any meeting may occur telephonically.
Alternatively,

(g) A notice of default may be filed pursuant to Section 2924 when a mortgagee, beneficiary, or authorized agent has not contacted a borrower as required by paragraph (2) of subdivision (a) *provided that the failure to contact the borrower occurred **despite the due diligence of the mortgagee, beneficiary, or authorized agent***. For purposes of this section, ***"due diligence" shall require and mean ALL of the following***:

(1) A mortgagee, beneficiary, or authorized agent shall first attempt to contact a borrower by sending a first-class letter that includes the toll-free telephone number made available by HUD to find a HUD-certified housing counseling agency.

(2) (A) After the letter has been sent, the mortgagee, beneficiary, or authorized agent shall attempt to contact the borrower by telephone at least three times at different hours and on different days.  Telephone calls shall be made to the primary telephone number on file.

(B) A mortgagee, beneficiary, or authorized agent may attempt to contact a borrower using an automated system to dial borrowers, provided that, if the telephone call is answered, the call is connected to a live representative of the mortgagee, beneficiary, or authorized agent.

(C) A mortgagee, beneficiary, or authorized agent satisfies the telephone contact requirements of this paragraph if it determines, after attempting contact pursuant to this paragraph, that the borrower's primary telephone number and secondary telephone number or numbers on file, if any, have been disconnected.

(3) If the borrower does not respond within two weeks after the telephone call requirements of paragraph (2) have been satisfied, the mortgagee, beneficiary, or authorized agent shall then send a certified letter, with return receipt requested.

(4) The mortgagee, beneficiary, or authorized agent shall provide a means for the borrower to contact it in a timely manner, including a toll-free telephone number that will provide access to a live representative during business hours.

(5) The mortgagee, beneficiary, or authorized agent has posted a prominent link on the homepage of its Internet Web site, if any, to the following information:

**PLAINTIFF PETRA A. MARTINEZ'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOITON FOR SUMMARY JUDGMENT**

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

   (A) Options that may be available to borrowers who are unable to afford their mortgage payments and who wish to avoid foreclosure, and instructions to borrowers advising them on steps to take to explore those options.

   (B) A list of financial documents borrowers should collect and be prepared to present to the mortgagee, beneficiary, or authorized agent when discussing options for avoiding foreclosure.

   (C) A toll-free telephone number for borrowers who wish to discuss options for avoiding foreclosure with their mortgagee, beneficiary, or authorized agent.

   (D) The toll-free telephone number made available by HUD to find a HUD-certified housing counseling agency.

Defendants have NOT provided sufficient admissible and credible evidence of compliance with the above requirements of the code.  Especially here, where defendants claim their compliance is pursuant to the "substitute contact" method in section G, a single letter dated September 16, 2008 does not meet strict compliance.  *See:* Exhibit L to Merziotis Declaration (without waiving objection to its admission but arguing in the case Plaintiff's evidentiary objection is overruled.) Nor is there any proof it was mailed.  Nor do the Defendants prove the remainder of the requirements for substitute contact:  three more phone attempts at different times of the day on different days (§ 2923.5(g)(2)), waiting two weeks (*id* at 3), sending a CERTIFIED LETTER (*id.*), or including a prominent link on their website for borrowers to get help (*id.* at 5, subsections (A)-(D) inclusive).  Finally, defendants fail to show the gateway consideration that substitute contact was made "despite due diligence to contact the borrower" pursuant to section (2).  Defendants argue that their boilerplate declaration is sufficient evidence of compliance. It is not.

   Moreover, Plaintiff Petra Martinez has testified that these efforts at contact were not made. Declaration of Petra Martinez, para. 15 .  Lacking credible evidence from the defendants on this issue other than a rebuttable presumption raised by the declaration of compliance itself, there is a genuine issue of material fact.  Therefore, Defendants Motion for Summary Judgment must be DENIED.

**PLAINTIFF PETRA A. MARTINEZ'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOITON FOR SUMMARY JUDGMENT**

**5. Defendants Misstate the Standard for Plaintiff's BPC 17200 Claim.**

Defendants argue that the inadmissible loan closing documents purportedly signed by Petra Martinez conclusively prove her receipt of them. This is another blatant misrepresentation of the law.  15 U.S.C. § 1635a provides that possession by defendants of signed receipts for the required notices creates a *rebuttable presumption* of receipt.  Here, the copies offered are inadmissible because they are not authenticated, and cannot be authenticated by the proffering witness. However, even if they could be used against the Plaintiff, the inconsistency of the dates with the plaintiff's handwriting, recollection, and the surrounding facts point the court to a material issue of fact.  Declaration of Perta Martinez, paras. 5-13.

Questions linger: Who was at closing?  When was closing? What did Plaintiff actually get copies of? What did she sign? What was she told?  Who were the dates later filled in by and why? Lacking any version from a knowledgeable defense witness, the court may simply accept Petra's version of these facts.  In which case, Summary Judgment should be granted for the plaintiff.

The defendants are in a difficult position, because the closing instructions charge Plaintiff per diem interest in the amount of $7212 from January 5th (the real date of closing) but also purport that the loan closed on January 13th, which would reduce that amount by $2136.96 (8 days @ $267.12 per day).  This is a RESPA violation and unfair business practice.

Moreover, the "Final" Truth in Lending Disclosure Statement is dated January 4th.  The "amount financed", a material disclosure as defined by 15 U.S.C. § 1635, is based on a prepaid finance charge which by definition includes "interest rate adjustment", or the amount of interim interest is financed by the borrower between closing date and the first loan payment. This Prepaid Finance Charge is absorbed into the "Finance Charge," which is another material disclosure under 15 U.S.C § 1635.  Here, a difference of $2136.96 in the finance charge is a material discrepancy under TILA, which would render the Truth in Lending Disclosure materially inaccurate.

**PLAINTIFF PETRA A. MARTINEZ'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOITON FOR SUMMARY JUDGMENT**

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

Finally, a TILA violation is actionable under BPC 17200.

## IV. MATERIAL FACTS REMAIN IN DISPUTE AFTER THE MOTION

**1) There is a genuine issue of material fact related to Plaintiff's receipt of copies at closing pursuant to TILA, as prosecuted under Plaintiff's BPC §17200 cause of action.**

The signed copies of documents which Defendants have offered are not authenticated, and by an improper witness who was not present at closing to testify as to whether they were truly delivered.  *See:* Objections to Evidence, Section II, re: George Merziotis.  Such improper evidence cannot be used for summary judgment against the plaintiff.  Defendant's motion should be DENIED.

**2) There is a genuine issue of material fact related to required contact under Civil Code § 2923.5 prior to Defendants' recording the Notice of Default which falls under Plaintiff's wrongful foreclosure cause of action.**

Defendants' evidence of having made the proper contact under Civil Code § 2923.5, as set forth in III. 5. above, is disputed by the testimony of Petra Martinez, and indeed, the Defendants' own evidence fails to show compliance with the act.  Defendants make the argument that their only duty is to file a declaration, regardless of veracity, that it complied.  Such an argument is untenable. Defendants' motion should be DENIED.

**3) There is a genuine issue of Material Fact related to the mailing of notices pursuant to 2924 *et seq.*, which falls under Plaintiff's wrongful foreclosure cause of action.**

Defendants' evidence does not show certified mail receipts for any of their documents, though certified delivery is required for the various §§ 2923.5 and 2924 notices.  The witness purporting to introduce the notices does not claim to have mailed them, and the affidavit of mailing received by the Plaintiff's husband along with the copies that were actually sent belies the credibility of the witness, who lacks personal knowledge in the first place and has no basis to swear

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

24

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

under oath to the court that the correct notices were sent at all, much less in accordance with the various statutory parameters (timing, method, etc.). See: Atkinson Declaration Exhibit 1.

**4) The credibility of Defendants' witnesses, if their testimony is to be allowed, is brought into question and such is a question for a jury, not a judge.** *Entrepreneur Media V. Smith* **(9th Cir. 2002). This relates to all causes of action.**

*Typeright Keyboard Corp. v. Microsoft Corp*., 374 F.3d 1151 (Fed. Cir., 2004) provides that summary judgment should not be denied simply because the opposing party asserts that the movants witnesses are not to be believed. However, summary judgment is not appropriate where the opposing party offers specific facts that call into question the credibility of the movants witnesses. See *Sartor v. Ark. Natural Gas Corp*., 321 U.S. 620, 628-29, (1944) (reversing summary judgment where the only evidence in support of the movants contention was the testimony of its experts and there were specific bases for doubting the credibility of that testimony). *Suzuki Motor Corp. v. Consumers Union of U.S.*, 330 F.3d 1110 (9th Cir., 2003) *Anderson*, 477 U.S. at 255-56; *see also Masson*, 501 U.S. at 520 ("On summary judgment, we must draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight")

Here, as presented in the Declaration of Petra Martinez, regarding the authenticity of the dates on the documents offered by George Merziotis for Countrywide, there are inconsistencies as to material facts between the witnesses which create an issue for trial. As noted above, Eva Tapia's Declaration is also inconsistent with George Merziotis' to the extent that as the Trustee, her company purported to work on behalf of MERS, but the Notice of Default attached thereto shows Countrywide Home Loans, Inc. as the servicer, and yet George Merziotis purports that BAC was the servicer at the time.  The evidence has not clarified any of the factual issues related to the rights

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

under the Note and Deed of Trust as to any of the Defendants, and therefore Defendants Motion

should be DENIED.

## V. UNDER THE UNDISPUTED FACTS AND THE APPLICABLE LAWS, MS. MARTINEZ SHOULD PREVAIL.

**1. The Court Should Grant Summary Judgment in Favor of Petra Martinez on the Cause of Action for Wrongful Foreclosure.**

*a. Defendants Had No Right to Foreclose*

The *US Bank v Ibanez* (Misc. Case No.384283) MEMORANDUM OF DECISION

DENYING US BANK MOTIONS is pursuasive on this point:

> "The issues in this case are not merely problems with paperwork or a matter of dotting i's and crossing t's. Instead, they lie at the heart of the protections given to homeowners and borrowers by the Massachusetts legislature. To accept the plaintiffs' arguments is to allow them to take someone's home without any demonstrable right to do so, based upon the assumption that they ultimately will be able to show that they have that right and the further assumption that potential bidders will be undeterred by the lack of a demonstrable legal foundation for the sale and will nonetheless bid full value in the expectation that that foundation will ultimately be produced, even if it takes a year or more. The law recognizes the troubling nature of these assumptions, the harm caused if those assumptions prove erroneous, and commands otherwise."

While the instant case does not come under Massachusetts law, California homeowners

are afforded similar protections in that no stranger can just come in off the street and take

someone's home under Civ. Code § 2924 without a substantive right to do so. *See:* Cal. Civ. Code

2924 ["**Where, by a mortgage** created after July 27, 1917, of any estate in real property . . .... to

secure the **performance of an obligation**, a power of sale is conferred upon the mortgagee, trustee,

or any other person, to be exercised after a **breach of the obligation** for which that mortgage or

transfer is a security, **the power shall not be exercised** except . . . (the statute continues, providing

the complete procedural framework)].  The Massachusetts *U.S. Bank* decision, *supra*, arises in a

non-judicial foreclosure state where the judge invalidated non-judicial foreclosures taken on deed of

26

trust and notes <u>which were endorsed in blank,</u> as required by the PSA here. (*See*: Section III,3.i. *supra* and RJN Exh. 3).

Therefore, Defendants are not entitled to Summary Judgment where Plaintiff has stated a quiet title claim and alleged wrongful foreclosure and defendants have not in turn met their burden of proof to show a transfer of the interest for which their purported security is an obligation, or a breach thereof.  Plaintiff has proven up wrongful foreclosure where Plaintiff has demonstrated on the record that the note and deed of trust are executed in favor of another party, and now the present entity is unable to show its status as a successor to those rights, including that found in Civ. Code 2924 *et seq*.

b. *The Trustee was Substituted as of 5/4/09, whereas the Notice of Sale was Sent (with an Affidavit of Mailing) on 4/30/2009, in violation of 2924.*

A trustee may not notice sale until it has been substituted.  Exhibit  1 to the Declaration of Stanley Atkinson shows that the copies received by the Plaintiff were NOT SIGNED, were not notarized, and were not timely compared with Exhibit D to Eva Tapia's Declaration (the copies actually recorded by Defendant ReconTrust).  The court must also notice that the version mailed to Stanley Atkinson was Dated April 30 and not signed (Decl. Stanley Atkinson Exh. 1).  The recorded version is Dated April 29th and signed (Compare, Decl. Eva Tapia Exh. E) .  Under Civil Code § 2924 *et seq*., the trustee is required to send copies of what gets filed, different documents with different dates on them.  The Defendants' motion should be DENIED.

### A. Strict compliance was not followed.
i. *Service of the NOD was premature.*

Defendants allege that they mailed the requires communications under Civil Code 2923.5 prior to recording their NOD.  However, in support of this legal conclusion their only evidence is a letter of September 16, 2008, which does not comply with § 2923.5's requirements featuring a much

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

27

more detailed requirement for contact as set forth above in Section III.4, and therefore Defendants

prematurely recorded and sent the NOD. Also, sending an unsigned undated unrecorded copy does

not comply with Section 2924.3's requirements that "[a] copy of the notice of default filed in the

office of the county recorder pursuant to Section 2924 on account of a breach of obligation under

the promissory note on which the agent has agreed to make collections of payments, within 15 days

after recordation." be mailed " to each mortgagee, beneficiary or owner for whom the agent has

agreed to make collections from the obligor under the note."  The Defendants' motion should be

DENIED.

### ii. Service of the Notice of Substitution of Trustee was defective.

The Notice of Substitution of Trustee which Stanley Atkinson actually received was not

filled in, signed, or dated. Decl. Stanley Atkinson at Exh. 1.  Such an effort does not comply with §

2934a(b)'s requirements, which states:

> If the substitution is effected after a notice of default has been recorded but prior
> to the recording of the notice of sale, the beneficiary or beneficiaries or their
> authorized agents shall cause a copy of the substitution to be mailed, prior to, or
> concurrently with, the recording thereof, in the manner provided in Section
> 2924b, to the trustee then of record and to all persons to whom a copy of the
> notice of default would be required to be mailed by the provisions of Section
> 2924b.  An affidavit shall be attached to the substitution that notice has been
> given to those persons and in the manner required by this subdivision.

Because strict compliance with the Civil Code is required, and because the dates and accuracy of

these documents is vital in a summary nonjudicial proceeding where the homeowners have little

options for vindicating their rights (indeed, Defendants argue they have none), Defendants' non-

compliance is inexcusable.  The Defendants' motion should be DENIED.

**PLAINTIFF PETRA A. MARTINEZ'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOITON
FOR SUMMARY JUDGMENT**

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

*iii. Service of the NOTS was defective.*

The NOTS which Stanley Atkinson actually received was also not filled in signed and dated, and the dates printed on it were different from those on the one actually recorded. The Defendants' motion should be DENIED.

*iv. None of the Purported "Agents" Produced A Single Agency Agreement.*

Defendants rely on the law of agency heavily in their papers, with each defendant purporting to be an "agent" for the others, in some cases, several times over. (ReconTrust is an agent for MERS, who is an agent for America's Wholesale Lender, who is no longer in interest, but it hopes that its agency for AWL applies to the current beneficiary, who purports to be a trust, for which BONY is an agent.) There is no evidence of any of these agency agreements. The Defendants' motion should be DENIED.

**B. Defendants should be ordered to start over from scratch if they can ever prove their debt and or interest.**

Plaintiff should take judgment in this matter, and Defendants should be ordered to withdraw all current recordations and trustee sale activities which are clouding Plaintiff's title. If they can ever prove an interest, Defendants would have the opportunity to foreclose at that time.

**2. The Court Should Grant Summary Judgment in Favor of Petra Martinez on the Cause of Action for Quiet Title Because There Are No Issues of Material Fact as to the Interests of the Parties.**

Plaintiff successfully shifted the burden of proof on the issue of quiet title by filing a complaint which stated the following:  (a) [a] description of the property that is the subject of the action . . . (b) [t]he title of the plaintiff as to which a determination under this chapter is sought and the basis of the title . . . (c) [t]he adverse claims to the title of the plaintiff against which a determination is sought . . . (d) [t]he date as of which the determination is sought . . . [and] (e) [a]

**PLAINTIFF PETRA A. MARTINEZ'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOITON FOR SUMMARY JUDGMENT**

prayer for the determination of the title of the plaintiff against the adverse claims." Cal. Code Civ.

Proc. § 761.020.  It is sufficient for plaintiff to allege in simple language that he or she owns the

subject property and that defendant claims an adverse interest without right. *Thornton v. Stevenson*,

185 Cal. App. 2d 708, 713 (Cal. App. 1960).

The remaining named defendants, if they wished to establish an interest in the property,

were given the opportunity to prove that the interests alleged by the plaintiff were ever transferred

to them.  They either refuse or fail to do so.  Therefore, the court should award summary judgment

in favor of the plaintiff for the quiet title cause of action.

**3. The Court Should Grant Summary Judgment in Favor of Petra Martinez on the Cause of Action for 17200.**

On May 12, 2009, Petra Martinez and Stanley Atkinson's Agent Marie McDonnell sent a

Qualified Written Request under RESPA and under 15 USCS 1541(f)(2). Declaration of Petra

Martinez Para. 14.  Defendants did not respond. *id.* Such failure to respond is a VIOLATION of

RESPA and 15 USCS 1541(f)(2), which are actionable under Business and Professions Code

§17200.  Moreover, Defendants failed to provide accurate Truth in Lending Disclosure Statements.

Actual damages nor reliance are required for a judgment for BPC § 17200, and Plaintiff is entitled

to injunctive relief, rescission, restitution, disgorgement of profits, and attorneys fees thereunder.

*Wang v. Massey Chevrolet*, 97 Cal.App.4th 856, 871 ["Moreover, the term "fraudulent" as used in

section 17200 does not refer to the common law tort of fraud but only requires a showing members

of the public are likely to be deceived.  (Id. at p. 888.)   Accordingly, a section 17200 violation,

unlike common law fraud, can be shown even if no one was actually deceived, relied upon the

fraudulent practice, or sustained any damage.   (Ibid.)]

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

30

**PLAINTIFF PETRA A. MARTINEZ'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOITON FOR SUMMARY JUDGMENT**

The court should award summary judgment on the Cal Bus Prof Code § 17200 cause of action in favor of Petra Martinez.

## **CONCLUSION**

Plaintiff's Objections to Evidence should be sustained.  Defendants' Motion should be denied, and the court should grant Summary Judgment in favor of the Plaintiff on the causes of action for Wrongful Foreclosure, Cal. Bus. Prof. C. § 17200, and Quiet Title.


Dated: February 11, 2010          Respectfully submitted,


                                  By: _____/S/_____
                                  Michael Patrick Rooney, Esq.
                                  Attorney for Plaintiff PETRA A. MARTINEZ

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

**PLAINTIFF PETRA A. MARTINEZ'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOITON FOR SUMMARY JUDGMENT**