Michael Patrick Rooney (SBN. 248491)
MICHAEL ROONEY LAW OFFICE
580 California St. Fl. 16
San Francisco, CA 94104
Tel: (415) 533-0282
Fax: (415) 704-3321

Attorney for Plaintiff
PETRA A. MARTINEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETRA A. MARTINEZ,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>AMERICA'S WHOLESALE LENDER, *et al.*<br><br>　　　　　　　　　Defendants. | CASE NO.: 3-09-CIV-5630WHA<br><br>PLAINTIFFS OBJECTIONS TO DEFENDANTS' EVIDENCE OFFERED IN SUPPORT OF THEIR JOINT MOTION FOR SUMMARY JUDGMENT<br><br>[*Filed Concurrently with Plaintniff's Opposition to Defendant's Motion for Summary Judgment*]<br><br>Department: 450 Golden Gate Ave.<br>　　　　　　　San Francisco, CA 94102<br>　　　　　　　Courtroom 9, 19th Floor<br>Judge: Hon. William Alsup<br>Date: March 4, 2010<br>Time: 8:00 a.m. |

　　　Plaintiff hereby makes the following objections to Defendant's Evidence:

**I. Objections to the Declaration of Michael Cerchio In Support Of Defendants' Motion For Summary Judgment.**

　　　Objections are made on the following grounds:

1

**PLAINTIFF PETRA A. MARTINEZ'S OBJECTIONS TO DEFENDANTS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR JOINT MOTION FOR SUMMARY JUDGMENT**

1) The declarant lacks personal knowledge of any matters therein.  The declarant states that his "familiarity" with the facts is based on a "review of BNY's records". Paragraph 1, Lines 7-8. Because personal knowledge is required for factual evidence to be admissible, the entire declaration is inadmissible. Personal knowledge means "it is more probably true than not true that the witness had the capacity and opportunity to observe through his senses and record a relevant sense impression, did in fact observe, record and can now recollect the relevant sense impression, and finally can comprehend questions and narrate the relevant sense impression." *See* Advisory Committee's Note to Rule 602.   A review of records does not qualify as personal knowledge, and the objection should be sustained.

2) The matters testified to are hearsay. The declarant purports to testify about the truth of documents to which he does not testify having been a party. To the extent that business records, which these purport to be, are admissible under FRE 803(6), the business records exception does not apply here, because FRE 803(6) requires the declarant to lay a foundation, which was not done here. The objection should be sustained.

3) Best Evidence Rule.  The declarant seeks to enter evidence about the existence of numerous written agreements, in Paragraphs 2, 3, 5, and 6, *without having attached any of the purported agreements*.  This does not satisfy the requirements of FRE 1002, 1003, 1004, or 1005, or the statute of frauds.

More importantly, it is in direct defiance of the court's order to "lay out in the documents why it is that ...this was all done perfectly right and who has the original paper ... just trace it through.  You ought to be able to trace it through, who has the original note and all that."

Rather than comply with the court's order, the Defendants have submitted a non-compliant declaration which contains nothing but inadmissible testimony as to the existence of written

**PLAINTIFF PETRA A. MARTINEZ'S OBJECTIONS TO DEFENDANTS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR JOINT MOTION FOR SUMMARY JUDGMENT**

agreements, and is therefore frivolous. Plaintiff's objection to the declaration of Michael Cerchio should be sustained.

## II. Objections To The Declaration Of George Merziotis In Support Of Defendants' Motion For Summary Judgment.

1. The Declarant's testimony is irrelevant.

a. George Merziotis testifies that he is a "Litigation Specialist in the Foreclosure Bankruptcy and Risk Management department at BA Home Loans Servicing LP." Paragraph 1, lines 1-2. He states that he "reviewed the internal BAC home Loans Servicing files containing documents regarding the Loan." *id* at lines 8-12.

However Mr. Merziotis, Mr. Cerchio, Ms. Eva Tapia (see lines 22-23 of her declaration indicating that Countrywide Home Loans Servicing LP contacted Plaintiff prior to foreclosure), or Defense Attorney Kalama Lui Kwan, fail to establish ANY CONNECTION WHATSOEVER of George Merziotis or BAC Home Loans Servicing to the instant case. There is no foundation of relevance for this testimony.

b. Additionally, in a separate relevance objection under 104(b), the matters in Mr. Merziotis' declaration are all conditionally relevant upon evidence that any of the defendants have an interest in the Note, Deed of Trust, or Subject Property. No such evidence has been admitted. *Id.* [Providing: When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.] To the extent that Mr. Merziotis does not work for America's Wholesale Lender, a New York Corporation, his testimony is unfounded as to any records on the Plaintiff regarding her mortgage until a transfer of that mortgage has been established.

2. Lack of Personal Knowledge. The declarant has no apparent personal knowledge of any of the matters testified to and on that basis, Plaintiff objects to the entire declaration. Specifically, his testimony as to the corporate structure of ReconTrust Co.N,A., Countrywide Bank, FSB, Countrywide Financial Corporation, MERS, and Bank of America Corp. is without foundation and is improperly evidenced by testimony.

3. Hearsay. Paragraph 3, a.-o. offers hearsay documentary evidence without any business records exception foundation.

4. Improper foundation for documentary evidence. Documents require proper authentication.   The documents introduced at paragraph 3 a.-o. do not satisfy the requirements of FRE 901. Especially, the existence in BAC Home Loans's records of the Uniform Loan Application, Truth in Lending Disclosure Statement, Notice of Right to Cancel, Loan Application Disclosure Acknolwedgements, Amortinzation Schedule and Itemization of Amount Financed, Interest Only Adjustable Rate Note, Closing Instructions, Servicing Transfer Disclosure and a HUD-1 Statement are not probative whatsoever if they cannot be authenticated, because this does not show that they are legitimate copies or that Ms. Martinez recieved copies of them. Mr. Merziotis does not allege that he was there when the documents are signed or that he is familiar with Ms. Martinez's signature.  How did BAC get these records to begin with? What makes him think they are authentic?

Also, numerous letters in Countrywide's records addressed to Ms. Martinez, with no other knowledge that they were printed, mailed, or received has no probative value, nor authentication. The objection should be sustained.

**III. Objections to the Declaration Of Kalama Lui-Kwan**

**PLAINTIFF PETRA A. MARTINEZ'S OBJECTIONS TO DEFENDANTS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR JOINT MOTION FOR SUMMARY JUDGMENT**

Case3:09-cv-05630-WHA Document27-1 Filed02/11/10 Page5 of 7

1. Hearsay as to Exhibits 1-6. The public records exception to the Hearsay rule provides that "The contents of an official record, or of a document authorized to be recorded or filed and actually recorded or filed, including data compilations in any form, if otherwise admissible, may be proved by copy, <u>certified as correct in accordance with rule 902</u> or <u>testified to be correct by a witness who has compared it with the original</u>. If a copy which complies with the foregoing <u>cannot be obtained by the exercise of reasonable diligence</u>, then <u>other evidence of the contents may be given</u>." Fed. R. Evid. 1005.

Not only do none of the documents attached to the Declaration of Kalama Lui Kwan meet the requirements of 1005 or 902, but he admits to having obtained them all off of a privately held online database, called docedge.com. While these documents purport to be copies of the public records, no shred of authentication is before the court that would allow it to admit these into evidence against the Plaintiff. They are not certified as correct, Mr. Lui Kwan can only certify that the copy he submitted to the court is the same as the one he got off the Internet. Note, these copies are not purportedly obtained from the county recorder's office. Docedge.com is not a public official and is under no duty whatsoever to maintain correct records. No one has compared these copes to a version with an original signature, and there is no "other evidence" that the documents are what they purport to be. There is no evidence of reasonable diligence in the first instance which would allow for "other evidence" of their authenticity besides, and the objection should be sustained.

2. Relevance. Under 104(b), the matters in Mr. Lui Kwan's declaration at paragraphs 5-8 are conditionally relevant upon evidence that any of the defendants have an interest in the Note, Deed of Trust, or Subject Property. No such evidence has been admitted. *Id.* [Providing: When the

5
**PLAINTIFF PETRA A. MARTINEZ'S OBJECTIONS TO DEFENDANTS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR JOINT MOTION FOR SUMMARY JUDGMENT**

relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.] Here, the recordation of foreclosure documents is irrelevant absent evidence of an interest in the property.

### Iv. Objections To The Declaration Of Eva Tapia.

1. Lack of personal knowledge.  The declarant testifies that she is Vice President at ReconTrust Company.  She goes on to allege she is "familiar with the facts and circumstances" and goes on to talk about her "understanding."  She does not allege how she became familiar with any of the facts testified to, nor how she came to her "understanding."

For instance, she claims that Ms. Martinez defaulted on "the Loan" as of May 1, 2008, which is a legal conclusion (improperly included in a declaration), without testifying as to any factual material or how she became privvy to such factual material.  Because ReconTrust is not evidenced to be involved with the servicing of the loan, this facts is completely lacking personal knowledge.  It would appear, form her declaration that she heard it from MERS, as she testifies (without producing any evidence of the fact) that ReconTrust was "an agent for MERS" the loan's beneficiary. (Doesn't MERS itself purport to be acting solely as an agent for someone else?)  She testifies about "her understanding' of a MERS Board of Directors resolution appointing "all employees of ReconTrust" as "assistant secretaries of MERS." Setting aside comment on the nature, enforceability, or actual existence of any such resolution, the "true and correct copy" of the resolution is absolutely inadmissible through this witness.  It is not a public record, she is not a signatory to it, she does not claim to have been present at signing, its not notarized, and is otherwise

**PLAINTIFF PETRA A. MARTINEZ'S OBJECTIONS TO DEFENDANTS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR JOINT MOTION FOR SUMMARY JUDGMENT**

totally inadmissible. The entire declaration, and each paragraph, is similarly made without personal knowledge.

2. Hearsay as to Exhibits A, B, C, D, E, and G.

3. Irrelevance. Under 104(b), the matters in Ms. Tapia's declaration are all conditionally relevant upon evidence that any of the defendants have an interest in the Note, Deed of Trust, or Subject Property. No such evidence has been admitted. *Id.* [Providing: When the relevancy of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or subject to, the introduction of evidence sufficient to support a finding of the fulfillment of the condition.]

Dated: February 11, 2010    Respectfully submitted,

By:  /S/
Michael Patrick Rooney, Esq.
Attorney for Plaintiff PETRA A. MARTINEZ

MICHAEL ROONEY LAW OFFICE
580 California Street FL 16
San Francisco, CA 94104

7
**PLAINTIFF PETRA A. MARTINEZ'S OBJECTIONS TO DEFENDANTS' EVIDENCE SUBMITTED IN SUPPORT OF THEIR JOINT MOTION FOR SUMMARY JUDGMENT**