Michael Patrick Rooney (SBN. 248491)
MICHAEL ROONEY LAW OFFICE
580 California St. Fl. 16
San Francisco, CA 94104
Tel: (415) 533-0282
Fax: (415) 704-3321

Attorney for Plaintiff
PETRA A. MARTINEZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| PETRA A. MARTINEZ, | CASE NO.: 3-09-CIV-5630WHA |
|---|---|
| Plaintiff, | DECLARATION OF PETRA MARTINEZ IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT |
| v. | |
| AMERICA'S WHOLESALE LENDER, et al. | Department: 450 Golden Gate Ave. |
| | San Francisco, CA 94102 |
| Defendants. | Courtroom 9, 19th Floor |
| | Judge: Hon. William Alsup |
| | Date: March 4, 2010 |
| | Time: 8:00 a.m. |

I, Petra MARTINEZ, am the Plaintiff in this case. I declare as follows:

1. 1414 Grandhaven, Salinas is my parents house. I have never been on the title, had any ownership interest or received any income from that property.

2. I have a second property, located at: 40 North 19th Avenue in Lemoore California. I bought that property in January 2006.

3. Currently, I owe $878.00 per month on my second house.

1
DECLARATION OF PETRA MARTINEZ IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

4. I make $825.00 per month in rental income off of it, resulting in negative cashflow. Kalama Lui Kwan is mistaken to represent that I make $2200 per month off this property.

5. At the closing of my loan on January 4, 2006, I was told to sign various documents, and I did date after my signature, where the agent had marked. They gave me an unsigned stack of documents they said was an exact copy. My copies <u>did not include</u> copies of all the documents I signed, including a copy of the correct HUD-1 statement; a copy of the Closing instructions; a copy of my application; or a copy of the Truth in Lending Disclosure statement.

6. On the copy of my application submitted by the Defendants, it states that I make $2,200.00 per month off of 1414 Grandhaven Street. I did not ever tell anyone this. I was not given a chance to read any of the documents thoroughly, and no one asked me to verify this information. The application was also excluded from the documents I did receive a copy of at closing, so I have only found out that this information was misrepresented when my alleged application was produced in this case. That is not the information I provided for my application.

7. I find it extremely puzzling, however, that my signature is dated 1/13/06 on the Defendants' papers, but the extremely poor copy offered by the defendants of my loan application is clearly faxed in to Countrywide on January 5, 2006.

8. We did not sign on January 13, 2006. We signed on January 4, 2006. It was after work. The Deed of Trust the defendants have produced says the note is dated January, 4 2006, as does George Merziotis in paragraph 3 F of his Declaration, though he was not at the signing. Also, the Closing instructions at Exhibit G to his Declaration, page 5 expressly state that the loan documents "expire on the 5th" and the loan must close before then.

2
**DECLARATION OF PETRA MARTINEZ IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT**

9. Eva Tapia was not at the loan signing.

10. If you look at all of George Merziotis's exhibits, you can tell that the date January 13, 2006 is clearly done by the same person, with the same pen that is not the pen either I or my husband used to sign because of the thickness of it, and you can tell it is not either of our handwriting. It was done at some other time. These documents have been fabricated.

11. I do not remember initialing the Notice of Right to Rescission where the date is changed (again, it appears to have been changed by the same person who dated everything else.)

12. There was not a second closing.

13. At exhibit N to Merziotis's declaration, there is a proposed short sale contract, signed and dated by Stanley and myself. These dates reflect our true handwriting and provide examples of the way I and Stanley dated the documents on that date.

14. The closing instructions, at Exhibit G to Merziotis' Declaration are printed on 1/5/06 (p 1 of 24), show interest accruing from 1/5/06 (p.15 of 24). The date of January 13th is totally unfamiliar to me.

15. On May 12, 2009, I asked my agent Marie McDonnell to send a RESPA QWR to ReconTrust to show proof of the debt and to tell me the true owner of my note pursuant to 15 USCS 1541(f)(2), a true and correct copy of which is attached at Exhibit1. ReconTrust never responded. I understand that if I demand a debt verification they are obligated to respond before going forward with a sale.

16. Prior to December 27, 2009 Defendants did not attempt to reach me by phone pursuant to Civil Code § 2923.5. Defendants did not send me the letters described therein or the certifiedletters described therein to try to work my loan default out with me. I was never

3
DECLARATION OF PETRA MARTINEZ IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

made aware of any Website or the right to have a representative set up an appointment with them within 2 weeks to attempt to work out the default. No one did any of this.

I swear the above to be true and correct under the penalty of perjury and execute this declaration on February 11, 2010 in Salinas, CA.

BY: *Petra Martinez* (signature)
Petra Martinez