SUNNY S. HUO (State Bar No. 181071)
ssh@severson.com
KALAMA M. LUI-KWAN (State Bar No. 242121)
kml@severson.com
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA  94111
Telephone:  (415) 398-3344
Facsimile:  (415) 956-0439

Attorneys for Defendants
Countrywide Home Loans, Inc. (d/b/a
America's Wholesale Lender), BAC Home
Loans Servicing, LP (f/k/a Countrywide
Home Loans Servicing L.P.), ReconTrust
Co., N.A., Bank of America, N.A., and
Bank of New York Mellon f/k/a The
Bank of New York as Trustee

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETRA MARTINEZ,<br><br>       Plaintiff,<br><br>v.<br><br>AMERICA'S WHOLESALE LENDER, *et al.*,<br><br>       Defendants. | Case No.: 09-cv-05630-WHA<br><br>**RESPONSE TO DECLARATION PURSUANT TO RULE 56(f)**<br><br>Date:          March 4, 2010<br>Time:         8:00 a.m.<br>Courtroom:  9, 19th Floor<br>Judge:        Hon. William H. Alsup |

In support of their motion for summary judgment ("Motion"), defendants Countrywide Home Loans, Inc. (d/b/a America's Wholesale Lender), BAC Home Loans Servicing, LP (f/k/a Countrywide Home Loans Servicing L.P.), ReconTrust Company, N.A., Bank of America, N.A., and Bank of New York Mellon f/k/a The Bank of New York as Trustee ("Defendants") hereby respond to Michael Patrick Rooney, Esq.'s Declaration Pursuant to FRCP 56(f) ("Declaration" or "Decl.") on behalf of plaintiff Petra Martinez ("Plaintiff").

Under Ninth Circuit law, a party seeking a continuance under Federal Rule 56(f) has a three-fold burden.  First, she "must make clear what information is sought and how it would preclude summary judgment."  *Garrett v. City and County of San Francisco*, 818 F.2d 1515, 1518 (9th Cir.1987).  Second, she must explain why she "cannot immediately provide 'specific facts' demonstrating a genuine issue of material fact."  *Mackey v. Pioneer Nat. Bank*, 867 F.2d 520, 524 (9th Cir. 1989).  Third, she must put the foregoing explanations into an affidavit.  Fed.R.Civ.P. 56(f); *Brae Transp., Inc. v. Coopers & Lybrand*, 790 F.2d 1439, 1443 (9th Cir.1986).

Mr. Rooney's Declaration fails to satisfy all three of these requirements.

First, the Declaration does not "make clear what information is sought and how it would preclude summary judgment."  *Garrett*, 818 F.2d at 1518.  Mr. Rooney believes that there "are factual inaccuracies" in the evidence offered by Defendants, "including but not limited to mystery surrounding the dates on the documents purportedly signed by my client, the roles of the various defendant parties, and the authentication of exhibits."

The problem for Mr. Rooney, however, is that merely describing broad categories is not enough to satisfy Rule 56(f).  Under the rule, "simply identif[ying] the various topics of which  he would like to inquire of [defendant] and others, without tying those inquiries to the issues presented by [the] motion" is insufficient.  *Yasin v. Coulter*, 2009 WL 2915125, at *6 (E.D. Cal. Sept. 9, 2009).  Rather, Mr. Rooney is required to "set forth what *specific* facts plaintiff expects to obtain that will defeat [the] motion for summary judgment."  (*Id.* (emphasis in original.)  Mr. Rooney contends that "[d]elivery of the mortgage note to the alleged Party in interest has become an issue under the PSA.  I need to conduct discovery on the specific facts surrounding this."

1  (Decl. at 2.)  But, again, merely saying in a declaration that Plaintiff needs specific facts does not
2  satisfy her burden of identifying the specific facts she intends to seek.

3  Second, even if the Declaration's broad descriptions were adequate substitutes for
4  "specific facts" (they are not), it does not show why Plaintiff "cannot immediately provide
5  'specific facts' demonstrating a genuine issue of material fact."  *Mackey*, 867 F.2d at 524.
6  Indeed, there is no discussion whatsoever as to why Plaintiff is unable to provide facts sufficient
7  to properly oppose a motion for summary judgment.

8  At most, Mr. Rooney claims that he "need[s] to depose the defendants [*sic*] purported
9  witnesses to question their knowledge, bias, credibility and even the existence and authenticity of
10 the documents they claim to have reviewed."  (Decl. at 2.)  But "merely testing [a party's] sworn
11 statements through a deposition in hope that he might change his declaration is not a basis for
12 granting a Rule 56(f) request."  *Yasin*, 2009 WL 2915125, at *6 (denying Rule 56(f) request
13 where "plaintiff appears to want to test the credibility of Coulter's declaration filed in support of
14 the motion").

15 Third, since Mr. Rooney has neither identified specific facts, nor explained why Plaintiff
16 is unable to provide facts to create a genuine issue, it is obviously impossible for him to put those
17 explanations into his Declaration.  Fed. R. Civ. P. 56(f); *Brae Transp.*, 790 F.2d at 1443.

18 Because the Declaration does not satisfy Rule 56(f)'s requirements, the Rule 56(f) request
19 should be denied.

20 DATED: February 18, 2010          Respectfully submitted,

21                                   SEVERSON & WERSON
                                     A Professional Corporation
22
                                     By:     */s/ Kalama M. Lui-Kwan*
23                                            Kalama M. Lui-Kwan

24                                   Attorneys for Defendants
                                     Countrywide Home Loans, Inc. (d/b/a
25                                   America's Wholesale Lender), BAC Home
                                     Loans Servicing, LP (f/k/a Countrywide
26                                   Home Loans Servicing L.P.), ReconTrust
                                     Co., N.A., Bank of America, N.A., and
27                                   Bank of New York Mellon f/k/a The
                                     Bank of New York as Trustee
28