IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

PETRA MARTINEZ,

    Plaintiff,

v.

AMERICA'S WHOLESALE LENDER,
COUNTRYWIDE HOME LOANS
SERVICING LP, BANK OF AMERICA,
RECONTRUST COMPANY, AND BANK
OF NEW YORK MELLON

    Defendants.

No. C 09-05630 WHA

**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND VACATING HEARING**

**INTRODUCTION**

This is a motion to remand an action to state court in a foreclosure dispute. For the reasons set forth below, plaintiff's motion to remand is **DENIED**. The hearing on Thursday, February 25, 2010, is **VACATED.**

**STATEMENT**

Plaintiff Petra Martinez initiated this action against defendants for monetary damages and equitable relief in the Monterey County Superior Court. All defendants removed this action to federal court (Dkt No. 1). Following the removal, defendants filed a motion to dismiss this action (Dkt No. 5), and in response, plaintiff sought to dismiss her federal claims and remand this action back to state court (Dkt Nos. 11, 12). At the hearing for the motion to dismiss before the undersigned, defendants were ordered to file a motion for summary judgment to develop the record more fully, and the motion at issue was dismissed without prejudice (Dkt No. 16). Since

1  the hearing, defendants have filed a motion for summary judgment as ordered (Dkt No. 18), and
2  also filed an opposition to the motion for remand (Dkt No. 25). The motion for summary
3  judgment is still pending and the hearing is set for March 4.

4       The facts of the case are as follows. In January 2006, plaintiff borrowed $1.5 million from
5  defendant America's Wholesale Lender. The loan was secured by her home in Salinas,
6  California. The loan was an interest-only, adjustable-rate mortgage with a fixed interest rate of
7  6.5 % until March 2013. According to the loan application, plaintiff planned to use a little over
8  $1 million from the loan to refinance the preexisting mortgage on the property, and received the
9  rest of the loan, about $420,000, in cash. In addition to the $1.5 million mortgage on the
10 property, plaintiff also secured a home equity line of credit on the property and borrowed
11 $300,000 in March 2006.

12      In May 2008, plaintiff stopped making payments on her mortgage loan. In January 2009,
13 defendant Recontrust Company filed and recorded a notice of default against the property, stating
14 that plaintiff was in breach of the loan in the amount of $79,555.75. In April 2009, defendant
15 Recontrust filed a notice of trustee's sale against the property, setting the sale date as May 20. In
16 August 2009, plaintiff initiated this action in the Monterey County Superior Court and filed a *lis*
17 *pendens* against the property, which stalled the foreclosure proceedings on the property.

18      Plaintiff's complaint alleges several state law claims and violations of federal statutes
19 against defendants. Plaintiff claims that defendants violated the Real Estate Settlement Practice
20 Act, the Federal Fair Debt Collections Act, the Rosenthal Fair Debt Collection Practices Act,
21 California Business & Professional Code Section 17200 and that they intentionally and
22 negligently inflicted emotional distress on her. She asserts claims for slander of title against the
23 property, declaratory relief, accounting, and quiet title.

**ANALYSIS**

25      Defendants removed this action to federal court on the basis of federal-question
26 jurisdiction on November 30. Defendants also filed a motion to dismiss on December 7. Plaintiff
27 filed a notice to dismiss her two federal claims and a motion to remand on December 29. Plaintiff
28 seeks remand to state court on two grounds: (1) since plaintiff dismissed her federal claims on

December 29, the only remaining claims are state law claims and (2) the removal to federal court was defective because defendants failed to join defendant Mortgage Electronic Registration Systems, Inc., ("MERS") in their notice of removal.

**A.    FEDERAL-QUESTION JURISDICTION**

Plaintiff seeks to dismiss her federal claims under Rule 41(a)(2). Rule 41(a)(2) provides that a plaintiff may dismiss an action without a court order by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment. Plaintiff argues that she may use either Rule 15(a) or Rule 41(a)(2) to dismiss only her federal claims. Plaintiff is incorrect. Plaintiff cites to *Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988), and *Hells Canyon Preservation Council v. United States Forest Service*, 403 F.3d 683, 688 (9th Cir. 2005) to support her position, but these decisions do not support her argument that Rule 41(a)(2) and Rule 15(a) are functionally interchangeable. These decisions stand for quite the opposite. They held that when a plaintiff dismisses "one or more but less than all of several claims, but without dismissing as to any of the defendants," Rule 15(a) is the appropriate mechanism. *Hells Canyon*, 403 F.3d at 688. Thus, plaintiff may not amend the complaint and dismiss only federal claims using Rule 41(a)(2).

Plaintiff's notice to dismiss federal claims is construed, instead, as an attempt to amend the complaint pursuant to Rule 15(a)(1). Rule 15(a)(1) provides that:

> A party may amend its pleadings once as a matter of course within:
> . . . .
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Defendants have not yet filed an answer but they have filed a motion to dismiss plaintiff's complaint under Rule 12(b)(6) on December 7. Thus, in order to amend her complaint as a matter of course under Rule 15(a)(1), plaintiff must have sought to amend her complaint on or before December 28. Plaintiff filed to dismiss her federal claims on December 29, one day after the 21-day deadline. Plaintiff may not amend her complaint as a matter of course, but must amend in accordance with Rule 15(a)(2), which states that parties may amend only with the opposing party's written consent or the court's leave.

3

Rule 15(a)(2) states that the court should freely give leave to amend when "justice so requires", but the Court does not find such leave is warranted in this instance. Plaintiff seeks to dismiss her federal claims for the sole reason of avoiding federal court. Substantial efforts have already been expanded already by this Court and by the opposing party in this action. Defendants have filed a motion to dismiss, a motion for summary judgment, opposition to plaintiff's notice of dismissal of federal claims, and opposition to the motion to remand.

Thus, plaintiff's notice of dismissal of federal claims is treated as a motion to amend her complaint and the motion is **DENIED.**[1] Accordingly, federal claims remain in this action and plaintiff's argument as to why the Court should remand this action based on lack of federal claims is moot.

**B.     DEFECTIVE NOTICE OF REMOVAL**

Plaintiff asserts that the removal federal court was defective because defendant MERS did not join the removal petition. With limited exceptions, all of the defendants in the state court action must consent to and join in the petition for removal. Under 28 U.S.C. 1446 (b), "the notice of removal of a civil action . . . shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading . . . ." Implicit in this mandate is a requirement that all defendants must join the removal petition. But this rule only applies to those defendants properly served and joined in the action. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988) (citations omitted). The removing party has the burden of affirmatively explaining the absence of any co-defendants in the event that any defendant did not join the removal petition. *Prize Frize, Inc., v. Matrix (US) Inc.*, 167 F.3d 1261, 1266 (9th Cir. 1999) *overruled on other grounds by Abrego Abrego v. Dow Chemical Co.*, 443 F.3d 676, 680 (9th Cir. 2006).

Here, defendants explain that the reason defendant MERS did not join the removal petition is that plaintiff did not serve actually serve it. Defendant MERS, also known as Mortgage Electronic Registration Systems, Inc., is a corporation organized in Delaware. There is

---

[1] This order also notes that plaintiff's attempt to amend her complaint fails to comply with Civil Local Rule 10-1 which requires that "[a]ny party filing or moving to file an amended pleading must reproduce the entire proposed pleading and may not incorporate any part of a prior pleading by reference."

4

an entity with the very same name registered in California by John Brosnan.[2]  Plaintiff in fact served the unrelated California entity (presumably by mistake), not defendant MERS.  This order finds that because plaintiff did not serve defendant MERS, the absence of MERS in the removal petition did not render the removal defective.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand this action is **DENIED.**  The hearing on Thursday, February 25, 2010, is **VACATED.**

**IT IS SO ORDERED.**

Dated: February 22, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[2] John Brosnan is a frequent litigant who has appeared before the undersigned in unrelated cases.  Mr. Brosnan incorporated and registered an entity named MERS in California, and then attempted to enter into a fee arrangement with the Delaware corporation MERS for forwarding legal documents that were actually intended for the Delaware corporation, but had been sent to Mr. Brosnan instead in mistake.  Delaware MERS refused Mr. Brosnan's offer and sent Mr. Brosnan a cease and desist letter that he stop using the name of MERS and that he return any documents intended for the Delaware MERS.  The Delaware MERS then initiated an action in this district against Mr. Brosnan, No. 09-3600, and obtained a preliminary injunction preventing him from using the MERS name.