

FILED

AUG 15 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PETRA MARTINEZ,<br><br>        Plaintiff - Appellant,<br><br>  v.<br><br>AMERICA'S WHOLESALE LENDER; COUNTRYWIDE HOME LOANS SERVICING LP; BANK OF AMERICA, RECONTRUST COMPANY N.A.; and BANK OF NEW YORK MELLON,<br><br>        Defendants - Appellees. | No. 10-15843<br><br>D.C. No. 1:09-cv-5630-WHA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
William H. Alsup, District Judge, Presiding

Argued and Submitted May 12, 2011
San Francisco, California

Before: GOULD and M. SMITH, Circuit Judges, and ST. EVE, District Judge.[**]

In this appeal, Petra Martinez contends that the district court erroneously

---

[*] This disposition is not appropriate for publication and is not precedent, except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Amy J. St. Eve, United States District Judge for the Northern District of Illinois, sitting by designation.

granted summary judgment in favor of Defendants.  As the facts and procedural history are familiar to the parties, we do not recite them here except as necessary to explain our disposition.  For the reasons explained below, we affirm the district court's grant of summary judgment in part and reverse it in part.

We review a district court's grant of summary judgment de novo.  *See Florer v. Congregation Pidyon Shevuyim, N.A.*, 639 F.3d 916, 921 (9th Cir. 2011).  In doing so, we view the evidence in the light most favorable to the nonmoving party, and determine both whether any genuine dispute as to any material fact exists and whether the district court correctly applied the substantive law.  *See id.*

In her Complaint, Martinez brought a number of causes of action against Defendants based on their alleged role in foreclosing on a property over which she held a mortgage interest.  The relevant causes of action were to quiet title, for an accounting, for tortious violation of statute (the Real Estate Settlement Procedures Act), for unfair competition, for unfair debt-collection practices, for declaratory relief, for slander of title, for intentional infliction of emotional distress, and for negligent infliction of emotional distress.

Although the district court separately analyzed each of these causes of action, as well as two implicit "overarching claims" of a "right to initiate foreclosure proceeding[s]" and "deficient notice," Martinez abandons all but two

of them on appeal.  Specifically, in her opening brief, Martinez only addresses her claim under California Civil Code Section 2923.5 (though her Complaint does not identify it as a discrete cause of action) and her action to quiet title on the basis that Defendants lacked authorization to carry out the foreclosure.  She either ignores or gives mere passing reference to her other causes of action, and so she has waived them.  *See United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) (citing *United States v. Williamson*, 439 F.3d 1125, 1138 (9th Cir. 2006)); *Rattlesnake Coal. v. U.S. Envtl. Prot. Agency*, 509 F.3d 1095, 1100 (9th Cir. 2007).

We affirm the district court's grant of summary judgment in favor of Defendants on Martinez's Section 2923.5 claim.  Although a private right of action exists under this section, the remedy "is a simple postponement of the foreclosure sale, nothing more."  *Mabry v. Superior Court*, 110 Cal. Rptr. 3d 201, 204 (Cal. Ct. App. 2010).  It follows that a claim under Section 2923.5 necessarily fails if a foreclosure sale has occurred.  *See Hamilton v. Greenwich Investors XXVI, LLC*, 126 Cal. Rptr. 3d 174, 185-86 (Cal. Ct. App. 2011).  Defendants observe that the relevant property was sold in foreclosure on April 28, 2010, and Martinez concedes this fact in her reply.  Martinez's Section 2923.5 claim therefore fails.

The final issue concerns Martinez's quiet-title claim.  The district court granted summary judgment to Defendants on this claim because "[u]ndisputed

facts show that plaintiff has an outstanding loan on the property, and that defendant BNYM [Bank of New York Mellon] holds the promissory note. Plaintiff cannot quiet the title until she repays the mortgage." It is generally true that, in California, "'an action to set aside a trustee's sale for irregularities in sale notice or procedure should be accompanied by an offer to pay the full amount of the debt for which the property was security.'" *Ferguson v. Avelo Mortg., L.L.C.*, 126 Cal. Rptr. 3d 586, 591 (Cal. Ct. App. 2011) (quoting *Arnolds Mgmt. Corp. v. Eischen*, 205 Cal. Rptr. 15, 17 (Cal. Ct. App. 1984)). In the present case, however, Martinez has alleged that the purported trustee, ReconTrust Company, N.A. ("ReconTrust"), had no interest in the subject property and thus lacked authorization to attempt, or effect, a nonjudicial foreclosure. If Martinez were to prove this allegation, the foreclosure sale would be void under California law. *See Dimock v. Emerald Props., L.L.C.*, 97 Cal. Rptr. 2d 255, 261-63 (Cal. Ct. App. 2000). The tender rule does not apply to a void, as opposed to a voidable, foreclosure sale. *See Ferguson*, 126 Cal. Rptr. 3d at 592; *Dimock*, 97 Cal. Rptr. 2d at 262-63; 4 Miller & Starr, *Cal. Real Estate* § 10:212 (3d ed.).

There would have been no error if Defendants had introduced admissible evidence establishing that there is no genuine dispute that ReconTrust was authorized to carry out the foreclosure sale, such that the sale was not void. *Cf.,*

4

*e.g.*, *Ferguson*, 126 Cal. Rptr. 3d at 595 (distinguishing *Dimock* and holding that trustee's sale conducted by authorized party is "merely voidable," not void).  In moving for summary judgment, however, Defendants relied on documents attached to declarations including those of Kalama M. Lui-Kwan, George Merziotis, and Eva Tapia.  Martinez, in opposing Defendants' motion for summary judgment, filed evidentiary objections to these declarations, which the district court overruled without explanation.  We conclude that the district court abused its discretion in doing so.

A declarant must lay a proper foundation for evidence considered on summary judgment.  *Bias v. Moynihan*, 508 F.3d 1212, 1224 (9th Cir. 2007).  For documentary evidence submitted on summary judgment, however, "a proper foundation need not be established through personal knowledge but can rest on any manner permitted by Federal Rule of Evidence 901(b) or 902."  *Secs. & Exch. Comm'n v. Phan*, 500 F.3d 895, 913 (9th Cir. 2007) (quoting *Orr v. Bk. of Am., NT & SA*, 285 F.3d 764, 774 (9th Cir. 2002)).  Put differently, "[t]he documents must be authenticated and attached to a declaration wherein the declarant is the 'person through whom the exhibits could be admitted into evidence.'"  *Bias*, 508 F.3d at 1224 (quoting *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1551 (9th Cir. 1990)).

Lui-Kwan sought to introduce title documents, a variety of deeds, notices, and other evidence relevant to the present case. His declaration presents numerous authentication problems. First, he declared that he had reviewed title documents that "appear" to have been recorded with the Monterey County Recorder's office. Second, he obtained copies of the relevant documents from private websites, which are not self-authenticating. *Cf. United States v. Salcido*, 506 F.3d 729, 733 (9th Cir. 2007) (per curiam); *United States v. Tank*, 200 F.3d 627, 630 (9th Cir. 2000).

Defendants nevertheless argue that "[a] majority of the exhibits are documents recorded with the Monterey County Recorder bearing an official stamp for the date and time of the recording as well as a document number . . . and, as such, are self-authenticating[.]" The attached documents, however, are not originals, but are copies, and therefore are not self-authenticating. *Compare United States v. Weiland*, 420 F.3d 1062, 1074 (9th Cir. 2005) *with United States v. Hampton*, 464 F.3d 687, 689 (7th Cir. 2006). Federal Rule of Evidence 902(4), which governs "certified copies of public records," requires the custodian or other authorized person to certify that the copies are correct. Fed. R. Evid. 902(4). Defendants failed to satisfy this requirement.

Defendants similarly failed to authenticate the documents attached to Tapia's declaration, which claim to be true and correct copies of documents

6

concerning Martinez's loan and the Defendants' corporate relationships. Tapia asserted her "understanding" and "familiar[ity]" with the stated facts in a conclusory manner that fails to establish her personal knowledge about the relevant events and documents. *Shakur v. Schriro*, 514 F.3d 878, 890 (9th Cir. 2008); *Bank Melli Iran v. Pahlavi*, 58 F.3d 1406, 1412 (9th Cir. 1995). Moreover, the documents attached to her declaration are not admissible as "[c]ertified domestic records of regularly conducted activity," Fed. R. Evid. 902(11), because the declaration contains no certification that ReconTrust made the records at or near the time of the occurrence of the relevant matters, that it kept the records in the course of a regularly conducted activity, or that it made the records by the regularly conducted activity as a regular practice. Because Tapia failed to lay a foundation for her personal knowledge about the documents, her testimony is not adequate extrinsic evidence from "a witness who wrote it, signed it, used it, or saw others do so" to establish admissibility under Federal Rule of Evidence 901(b)(1). *Orr*, 285 F.3d at 774 n.8 (internal quotation marks omitted). Defendants therefore failed to authenticate the documents attached to Tapia's declaration, and Tapia's non-documentary factual assertions fail to meet the personal knowledge requirement of Federal Rule of Civil Procedure 56(e)(1) (2009).

    For the same reasons, we find that the documentary exhibits and factual

assertions of George Merziotis—to the extent that they are even relevant to the remaining cause of action—fail to satisfy Federal Rule of Civil Procedure 56(e) and the associated rules of evidence.

In light of these evidentiary problems, Defendants failed to introduce sufficient admissible evidence to establish that the foreclosure sale was valid. We therefore reverse as to Martinez's quiet-title claim and remand to the district court for further proceedings consistent with this disposition. Because the sole remaining claim is founded on state law, we invite the district court to consider whether it has subject-matter jurisdiction over the case.

Each party shall bear its own costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**